UNION COUNTY VS. SMITH.

1. CLAIMS AGAINST COUNTIES: *Excessive allowances forbidden.*
   The allowance of charges against a county above the cash value, in conse-
   quence of the depreciation of county scrip, is forbidden by statute, and
   contrary to public policy.

2. MOTION FOR NEW TRIAL AND BILL OF EXCEPTIONS: *None necessary
   where error apparent in judgment.*
   Where error appears upon the face of a judgment, it can be reviewed in
   the supreme court without motion for new trial, or bill of exceptions, in
   the court below.

ERROR to *Union* Circuit Court.

Hon. J. K. YOUNG, Circuit Judge.

*Henderson*, for plaintiff in error.

*Dan. Jones, contra.*

ENGLISH, C. J. It appears from the transaction in this case, that at the July term, 1877, of the county court of

---

Union County vs. Smith.

---

Union county, James S. Smith, sheriff of the county, presented for allowance the following account:

UNION COUNTY,

| 1877. | To James M. Smith, Sheriff, | Dr. |
|---|---|---|

April 28. To hiring 16 guards, by order of the circuit court, at the April term, for 11 days, at $8 per day.................................................$1,408 00

April 28. To amount of board for 16 men for 11 days...................................... .............. 273 00

April 28. To amount of provisions for guards before order of the court ordering new guards............................................ ........... 35 35

April 28. To amount of hire for wagon and team in transporting the prisoners from El Dorado to Camden.................... ........................... 100 00

Total.................................................$1,816 35

The account was certified as approved by his honor, the circuit judge.

The county court pronounced all of the items of the account, except the third, to be exorbitant, and not warranted by law, and cut—

The first item down to..................................... ..$66 00
The second to.................................................. 25 00
Allowed the whole of the third........................... 35 35
And cut the fourth item down to........................ 20 00

And rendered judgment of allowance in favor of the claimant for...../........................................$146 35

Smith appealed to the circuit court, where the cause seems to have been submitted to the court sitting as a jury, upon an agreed statement of facts, and the court rendered judgment in favor of Smith against the county for the whole amount of the account, $1,816.35, and ordered it certified to the county court, etc.

No motion for a new trial was made, and no bill of exceptions taken.

Union county brought error.

It appears from the recitals of the judgment, that the county scrip of Union county was, at the time the expenses charged for in the account were incurred, not worth more than fifteen cents on the dollar in lawful money, and it is manifest from the face of the judgment, that the charges in some of the items of the account were greatly enhanced by the claimant, and allowed by the court, on account of the depreciation of the county scrip, which was forbidden by statute, and contrary to public policy. *Gantt's Dig.*, sec. *602*, *Goyne v. Ashley County, 31 Ark., 552.*

It may have been difficult for the sheriff to procure guards, etc., and feed them at ordinary money charges, when the county, owing to its financial condition, could not meet its current expenses otherwise than by the issuance of depreciated scrip, but the enlargement of allowances on account of such depreciation enhances the evil, is a ruinous public policy and forbidden by law. All who serve the public must receive such compensation for their service as the law provides.

Error appearing upon the face of the judgment, it can be reviewed here without a motion to set it aside, or for a new trial in the court below, as held in *Badgett v. Jordan, 32 Ark., 154.*

The judgment must be reversed, and the cause remanded for further proceedings.