Barton v. Swepston.

*Removing cloud from title.*

BARTON v. SWEPSTON.

AGENTS: *Public: Their contracts beyond authority void.*
The agent of a county to contract for repairs on county buildings has no power to bind the county to pay more in county warrants than the cash value of the labor and materials in United States currency; and parties contracting with such agent must take notice of the limits of his authority.

APPEAL from *Crittenden* Circuit Court.
Hon. J. G. FRIERSON, Circuit Judge.

Barton v. Swepston.

*Lyles, Harris & Ray* for appellee.

This case is not governed by the act of December 7, 1875. (*Acts 1875, p. 51.*) The spirit of the proviso reaches this case. It is the duty of the county court to keep the court house in good repair. *Gantt's Digest, sec. 668.*

This case also differs from *33 Ark., 788, and 4 Dillon, 209.* In one the principal part of the account was for something that the county had no right to pay. In the latter case the county allowed five to ten times the value of the claim.

*The contract* was for $1,700, with the right to pay in currency for a less amount. The proof shows the county had no currency.

SMITH, J. The court house of Crittenden County needing repairs, the county court appointed an agent to have the same made. This agent let the work to Swepston, under a contract, by which he agreed, on behalf of the county, to pay $850 in currency, or $1,700 in county warrants, these last being then worth in the market only fifty cents in the dollar. The work was completed, but a portion of it not having been done according to specifications, Swepston deducted $100 from the contract price, and presented to the county court his account for $1,600, which was allowed and county warrants were ordered to be issued to that amount, there being no money in the county treasury. Barton, a citizen and tax payer, appealed, in behalf of the county, to the Circuit Court, where Swepston again recovered judgment for the same sum.

*Section 1411 of Mansfield's Digest* makes it unlawful for the county court to allow any greater sum, upon any demand against the county, than the amount actually due, estimating a dollar in county warrants as at par with a dollar in lawful money of the United States. The agent

who made the contract had no power to bind the county to pay for labor and materials more than their cash value in currency. And those who deal with public agents must take notice of the limitation which the law imposes upon their authority to bind their principals. It is possible that owing to the depreciation of county scrip, the county authorities could not have procured these repairs, which were necessary to preserve the building from waste and damage, to be made except upon an agreement to pay double the value of them. But the enhancement of allowances on account of such depreciation only aggravates the evil and is a ruinous financial policy. *Goyne v. Ashley County, 31 Ark., 552; Desha County v. Newman, 33 Ib., 788; Union County v. Smith, 34 Ib., 684; Shirk v. Pulaski County, 4 Dillon, 209.*

Reversed and remanded for a new trial.