## Watkins *v.* Stough.

### Opinion delivered May 13, 1912.

1. Bridges—contract for building—validity.—Where a contract for constructing county bridges or other work is let to the lowest bidder, as required by law, the contract price is the measure of the contractor's rights, and not the customary cash market price for materials furnished or work done; and, unless fraud or collusion to increase the price by reason of payment in depreciated warrants be shown, the contractor is entitled to recover the contract price. (Page 470.)

2. Same—county court—authority to contract for bridges.— Kirby's Digest, section 1502, providing that "no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended," applies to bridge contracts as well as other contracts made by a county; but a general appropriation, if wholly or in part unexpended, is sufficient to authorize a county court to enter into contracts for bridges of any class. (Page 472.)

3. Appeal and error—presumption.—In the absence of proof that funds appropriated for bridge purposes had been wholly expended at the time the county court made a contract for bridge construction, it will not be presumed that the county court exceeded its authority in making the contract. (Page 472.)

Appeal from Bradley Circuit Court; *Henry W. Wells*, Judge; affirmed.

*Bradham & Harrelson,* for appellant.

1. Appellee having already received, as the proof shows, a warrant for his services equal to the customary and ordinary price when paid in lawful money of the United States or in county warrants at par with lawful money of the United States, he is not entitled to receive more by reason of the fact that he was the lowest bidder and entered into a written contract to build the bridges for the amount of his bid. Kirby's Dig., § 1452; 34 Ark. 684, 686; 44 Ark. 439; 47 Ark. 80; 81 Ark. 413.

2. The quorum court having made no specific appropriation for building the bridges in question, the county judge had no authority to let the same out for construction nor any authority to contract for building the same. Kirby's Dig., § 1502; 54 Ark. 658; 61 Ark. 77; 34 Ark. 686.

*B. L. Herring* and *E. E. Williams,* for appellee.

1. There is no fraud or deception shown in the procurement of the contract, and the court properly held it to be valid.

2. It was not necessary that the levy should specify the particular bridges for which the money was appropriated. The appropriation for bridge purposes was sufficient. Moreover, if a specific appropriation was necessary, it will be presumed that there was such appropriation. 97 Ark. 468.

McCulloch, C. J. The county court of Bradley County made appropriate orders for the construction of certain bridges, and a contract was let at public outcry in accordance with the statute for the construction thereof. Appellee, Stough, was the lowest bidder, at $3.40 per lineal foot, and his bid was accepted; and the county court entered into a written contract with him for furnishing material and constructing the bridges. After completing the work, he presented his claim to the county court, and the same was allowed. J. A. Watkins, who is clerk of the county, appealed to the circuit court from the order of allowance on the ground that appellee's bid for the work was based on depreciated county scrip, and that a fair cash price for constructing the bridges would only have been $2 per lineal foot. The trial in the circuit court resulted in the allowance of appellee's claim in full, and an appeal to this court was prosecuted.

Testimony was adduced tending to establish the fact

that $2, or less, per foot was a fair cash market price for constructing the bridges, and that when the contract was offered at public outcry the county judge made an announcement that county warrants could be cashed at 50 or 55 cents on the dollar. The county judge testified that when the contract was about to be cried off some of the bidders asked if they were to be paid in county scrip, and, if so, what the scrip was worth, and that he replied, "That is none of my business; you might get 75 cents, or 65 cents, or a dollar." Appellee testified that he did not bid with a view to the price of scrip, but "just went there with the expectation of doing the work in any way that I could come out."

The circuit judge found that appellee "used no fraud or deception in procuring the contract," and was the lowest bidder for the contract.

The statute provides that "it shall be unlawful for any county court in this State to allow any greater sum for any account, claim, demand or fee bill against the county than the amount actually due, estimating a dollar in county warrants as at par with a dollar in lawful money of the United States, dollar for dollar, according to the legal or ordinary and customary compensation for services rendered, materials furnished, salaries or fees of officers, when the same are paid in said lawful money;" and that, "before any account, claim, demand or fee bill shall be allowed by any county court, said court shall require the person or persons, or their legal representatives claiming the same to be due to attach to said account, claim, demand or fee bill an affidavit that the same is just and correct, and that no part thereof has been previously paid; that the services charged for or materials furnished, as the case may be, were actually rendered or furnished, and the charge made therefor does not exceed the amount allowed by law or customary charges for similar services or materials, when estimated and paid in lawful money of the United States, and that such account, claim, demand or fee bill is not enlarged, enhanced, or otherwise made greater, in consequence of or by reason of any estimated (supposed or real) depreciation in the value of county warrants." Kirby's Digest, § § 1452 and 1453.

The previous decisions of this court concerning this statute were all in cases, with one exception, where claims were

based on accounts for materials furnished or services rendered where the law did not require the contract to be publicly let to the lowest bidder. *Goyne* v. *Ashley County*, 31 Ark. 552; *Union County* v. *Smith*, 34 Ark. 684; *Barton* v. *Swepston*, 44 Ark. 437; *Chicot County* v. *Kruse*, 47 Ark. 80.

In *Barton* v. *Swepston, supra*, the county court entered into a contract which expressly provided that the price for certain work should be $800 if paid in cash, and $1,700 if paid in warrants, and the court held that the contract for payment of excessive amount in scrip was void.

The Constitution and statutes of this State provide that contracts for the construction of county bridges shall be let at public outcry to the lowest and best bidder, and that the successful bidder shall give bond for the construction of the work according to plans and specifications within the stipulated time. Constitution of 1874, art. 19, § 16; Kirby's Digest, c. 17.

When a contract, free from fraud or collusion, is entered into pursuant to the terms of the statute for the construction of a bridge, and the work is done according to the contract, the stipulated price becomes a valid claim against the county, payable, as are other claims, in warrants on the treasury. If the contract does not disclose on its face an illegal agreement for an increase of price on account of payment in depreciated warrants, or unless the proof establishes collusion to increase the bids on account of payment in depreciated warrants, then the reasons for the successful bidder fixing the amount of his bid can not be inquired into for the purpose of avoiding the contract. In other words, where a contract for constructing bridges or other work is required by law to be let to the lowest bidder, and is so let, then the contract price is the measure of the contractor's rights, and not the customary cash market price for the materials furnished or work done. And, unless fraud or collusion to increase the price by reason of payment in depreciated warrants be shown, the contractor is entitled to recover the amount of the contract price. If the successful bidder for the contract could only recover the cash market price of the material and work, then the legal requirement for letting the contract to the lowest bidder would be useless. Under the statute, where the lowest bid is accepted and the

contract is made pursuant thereto, the contract is mutual, to do the work on the one part and to pay the stipulated price on the other, and the contract can not be avoided except by proof of fraud or collusion.

It is also contended that the contract was void for the reason that no specific appropriation of funds had previously been made by the levying court to pay for the construction of those particular bridges or bridges of that particular class. There had been an appropriation of funds made by the levying court generally for "bridge purposes." The statute expressly authorizes the county court to enter into contracts for the construction of bridges of any description needed, and the only limitation of that power is that found in the statute which provides that "no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended." Kirby's Digest, § 1502. This statute applies to bridge contracts as well as all others made by the county. *Fones Hdw. Co.* v. *Erb,* 54 Ark. 645. The general appropriation for "bridge purposes," if wholly or in part unexpended, was sufficient to authorize the county court to enter into contracts for bridges of any class. We do not understand the statute to mean that the levying court must first signify its "favorable judgment" for the construction of a particular bridge by making a specific appropriation for that purpose. When the levying court makes an appropriation for the purpose of building bridges, the statute authorizes the county court to make contracts for its expenditure and to continue to make such contracts as long as the fund remains unexpended, wholly or in part. *Fones Hdw. Co.* v. *Erb, supra.* There is no proof that the funds appropriated had been wholly expended at the time the contract with appellee was entered into, and in the absence of such showing we must not presume that the county court exceeded its authority in making the contract. *Howard County* v. *Lambright,* 72 Ark. 330.

The judgment of the circuit court allowing appellee's claim in full was correct, and the same is therefore affirmed.

HART, J. concurs.

KIRBY, J. ,dissents.