BERTIG BROTHERS *v.* GROOMS BROTHERS.

Opinion delivered June 9, 1924.

1. TRIAL—TRANSFER OF CAUSE.—An order overruling defendants' motion to transfer the cause to the chancery court, in order that judgment theretofore obtained against plaintiffs by defendants might be credited on any recovery by plaintiffs against defendants, was proper where plaintiffs consented for such credits to be entered.

2. APPEAL AND ERROR—UNNECESSARY APPEAL.—There was no necessity for defendants to appeal to the Supreme Court to obtain credits on a judgment rendered against them where plaintiffs consented to allow such credit in the court below.

3. JUDGMENT—AMENDMENT NUNC PRO TUNC.—An amendment of a judgment *nunc pro tunc* may be established by the trial judge's personal recollection.

4. DISMISSAL AND NONSUIT—EXCLUSION OF COUNTERCLAIM.—The exclusion of a counterclaim as an issue in effect dismissed it.

Appeal from Greene Circuit Court, First Division; *W. W. Bandy,* judge; affirmed.

*Block & Kirsch,* for appellants.

1.   The original judgment against J. A. Grooms should not have been modified.   The court took into consideration its own impression of the facts existing when the original judgment was rendered.   The necessary implication from the language of this court in the case of *Lowe* v. *Hart,* 93 Ark. 548, 559, is that the trial court cannot rely upon its own recollection, to the exclusion of oral testimony before it.   The minutes made by the trial court on his docket, the judgment entered pursuant thereto, and the testimony of appellant's counsel, are all inconsistent with any other view than that the judgment as originally entered was correct.   84 Ark. 523, 532. See further on the power to amend judgments by *nunc pro tunc* orders, 106 Ark. 470; 93 Ark. 234, 237; 118 Ark. 497, 506; 72 Ark. 21; 55 Ark. 30, 37; 34 Ark. 291, 301; 159 Ark. 218; 51 Ark. 224, 231; 40 Ark. 224, 232; 129 Ark. 301; 143 Ark. 543; 118 Ark. 593; 84 Ark. 100.   The effect of leaving the assailed judgment in force is to conclude appellees.   135 Ark. 450; 118 Ark. 402; 60 Ark. 146; 157 Ark. 27.

2.   Appellants should have been granted a transfer to equity so as to make their judgments available as counter-claims or set-offs.   (a)  On their availability as counter-claims, see C. & M. Digest, § 1195; 24 R. C. L. 869; 160 Ark. 146; 135 Ark. 532.   (b)  As set-offs, see C. & M. Digest, § 1197; 24 R. C. L. 858, 859; 72 Ark. 44; 92 Ark. 594; 24 R. C. L. 871; 34 Ark. 707.

*W. S. Luna,* for appellees.

1.   Because J. A. Grooms misconceived his right to interpose a part of the partnership debt as a cross-complaint against appellants, and attempted to do so, does not preclude him from thereafter seeking his proper remedy.   15 R. C. L. 985.   It is true that a judgment is conclusive, not only upon the question actually determined, but upon all matters which might have been decided in that suit; but this refers to all matters *properly belonging* to the subject of the controversy and within the scope of the issue.   96 Ark. 545; 149 Ark. 179.

2. An amendment of a judgment may be based on any evidence, whether parol or otherwise, which is satisfactory to the court in its weight and character. 23 Cyc. 881; 17 Ark. 100; 85 Ark. 334.

HUMPHREYS, J. Appellees instituted suit against appellants in the Circuit Court of Greene County, First Division, to recover a real estate commission of $500 for producing a purchaser ready and willing to buy certain lands listed with appellees by appellants for sale.

Appellants interposed the defense of *res judicata,* claiming that the right of appellees to recover the commission was concluded in a suit tried on January 30, 1922, wherein Bertig Bros. were plaintiffs and J. A. Grooms was defendant.

At a later date J. A. Grooms filed a petition seeking to correct the judgment, upon which the plea of *res judicata* was based, so as to make it recite the dismissal without prejudice of his cross-complaint claiming one-half of said commission as a set-off, in lieu of a hearing and adjudication thereof.

Appellants filed an answer to the petition denying that, through inadvertence or oversight, a mistake was made in entering the judgment, but, on the contrary, alleging that a correct entry was made of the judgment actually rendered by the court.

Appellants also filed a cross-complaint and motion to transfer the cause to the chancery court so that, should appellees recover a judgment for the commission, appellants might receive credits thereon for the judgments theretofore obtained by them against each of the appellees. It was alleged in the cross-complaint that appellees had theretofore obtained a judgment against W. F. Grooms for $200.78 and against J. A. Grooms for $180.73, which could not be collected on account of the insolvency of said appellees.

Appellees admitted that Bertig Bros. had recovered separate judgments against them for the amounts alleged, and consented for the court to credit any amount recovered by them with said judgments, whereupon the court

overruled the motion to transfer the cause to the chancery court, and entered a *nunc pro tunc* judgment correcting the record entry in the case of *Bertig Bros* v. *J. A. Grooms,* so as to show that the counterclaim of J. A. Grooms for one-half the commission was dismissed without prejudice. Exceptions were saved and preserved by appellants to the refusal of the court to transfer the cause to the chancery court and to the action of the court in correcting the judgment.

The cause was then submitted to a jury, which resulted in a verdict and consequent judgment against appellants for $500, from which is this appeal.

Appellants enter a waiver to all objections saved and preserved by them, except those which relate to the trial court's refusal to transfer the cause to the chancery court, to allow appellants credit for their several judgments against appellees, and to treat the judgment in the J. A. Grooms case as *res judicata.* We think the first two exceptions must necessarily pass out of the case by the offer of appellees in the trial court, and at all times since, to credit the judgments in favor of appellants against them upon the judgment they might and did obtain against appellants. There was no necessity of transferring the cause to obtain a credit which appellees offered to make, and no necessity of appealing the case to this court to obtain a credit which appellees have at all times consented and agreed to make.

This leaves only one question for determination, and that is whether the trial court erred in entering a *nunc pro tunc* order correcting the judgment in the case of *Bertig Bros.* v. *J. A. Grooms,* so as to make it recite the dismissal of his counterclaim without prejudice, in lieu of reciting a hearing thereon. As amended, it is conceded that it did not constitute a proper basis for a plea of *res judicata.*

The facts, in substance, are as follows: Bertig Bros. were in the mercantile business. W. F. Grooms and A. J. Grooms were real estate agents, doing a partnership business under the firm name of Grooms Bros. W. F.

Grooms became indebted in the sum of $200.78 and J. A. Grooms in the sum of $180.73 to Bertig Bros. on account of merchandise. Bertig Bros. brought separate suits against them in the circuit court for the amount owed by each. Grooms Bros. claimed Bertig Bros. owed the firm a real estate commission of $500. They ostensibly divided this commission between themselves, and each filed a counterclaim for $250 in the separate suits brought by Bertig Bros. against them. In the W. F. Grooms case the court refused to entertain or consider his counterclaim, and dismissed same without prejudice, on the ground that a partnership debt cannot be set-off against a suit to recover an individual indebtedness. The judgment rendered in that case reflected the disposition the court made of W. F. Grooms' counterclaim. In the case of J. A. Grooms, which was tried at an adjourned term of the court, the record entry did not reflect in so many words what disposition was made of J. A. Grooms' counterclaim. The judgment contained the following recital: "This cause is submitted to the court upon the complaint and exhibits thereto, the answer and cross-complaint of defendant, and plaintiffs' reply to said cross-complaint; from which the court finds that defendant is indebted to plaintiffs in the sum of one hundred sixty-one and 56/100 ($161.56) dollars, with interest thereon at the rate of six per cent. per annum from the 7th day of February, 1920, until paid."

This recital and the judgment entered in accordance therewith is pleaded as *res judicata* in the instant case, and is the recital and judgment which was corrected by the *nunc pro tunc* order so as to make it read that the counterclaim of J. A. Grooms was dismissed without prejudice. Appellants contend for a reversal of the judgment upon the ground that the oral evidence introduced by appellees in support of the petition to correct the judgment entry, together with the personal recollection of the judge who rendered the judgment, was insufficient to justify the *nunc pro tunc* entry. We cannot agree with them in this contention. The testimony of the attor-

neys who tried the case is in conflict as to whether the court dismissed J. A. Grooms' counterclaim without prejudice, but we have a finding of the court who tried the case, which is supported by the personal recollection of the judge himself. In making the finding he said: "I know the cross-complaint wasn't considered, but was presented. I can't help it being in my mind." Appellants interpret this language as meaning that the cross-complaint was presented as an issue and not considered. We think the proper interpretation of the language is that the counterclaim was not entertained as an issue and passed upon in the case. The effect of excluding it as an issue was to dismiss it. The fact that the court dismissed the counterclaim of W. F. Grooms without prejudice in the same kind of case at the same term of court is a very strong circumstance tending to support the finding of the court. The inherent probability that the court took the same course in both cases is a stronger circumstance in support of the court's finding than the O. K. of the precedent for the judgment by A. J. Grooms' attorney is against it. On an application for a *nunc pro tunc* order correcting a judgment, where the testimony is conflicting as to what judgment was actually rendered, the court must necessarily rely to a great extent in reaching a conclusion upon the inherent probabilities and his personal recollection as to what judgment he rendered, if he has a definite recollection in the matter. We think in the instant case the finding of the court was justified by his personal recollection and the circumstances in the case.

No error appearing, the judgment is affirmed.