SHELTON *v.* LANDERS.

Opinion delivered February 9, 1925.

1. TROVER AND CONVERSION—SUFFICIENCY OF COMPLAINT.—In an action for conversion of a county warrant, complaint *held* to state a cause of action.

2. TROVER AND CONVERSION—CONVERSION OF COUNTY WARRANT.— Though plaintiff, as assignee of a claim against a county, might have had the county clerk issue a warrant directly to him by complying with Crawford & Moses' Dig., §§ 1999-2002, this fact did not preclude him from proceeding against defendant for conversion of the warrant if defendant, without authority, procured a warrant to be issued to himself.

3. TROVER AND CONVERSION—NEGLIGENCE OF CLERK NO DEFENSE.— In an action for conversion of a county warrant belonging to plaintiff which the county clerk negligently issued to defendant, the clerk's negligence is no defense to defendant, nor does it free him from liability for procuring the clerk to issue the warrant to him without authority.

4. PLEADING—SUFFICIENCY OF COMPLAINT.—In an action for conversion of a county warrant, an allegation that defendant, without any right or authority, procured the clerk to issue and deliver said warrant to him was sufficient, in the absence of a motion to make the complaint more specific, to let in proof as to the method used by defendant to procure the clerk to issue the warrant.

5. PLEADING—SUFFICIENCY OF COMPLAINT.—In an action for conversion of a county warrant issued by the clerk to defendant, an allegation in the complaint that plaintiff's assignor had assigned to plaintiff the claim on which the warrant was issued was sufficient, in the absence of a motion to make the allegation more specific, to let in proof as to the manner of transfer or assignment.

6. COUNTIES—TRANSFER OF CLAIM AGAINST.—The transfer of a claim against a county is not within Crawford & Moses' Dig., § 6303, providing that a sale of a judgment or any part thereof must be by written transfer.

7. JUDGMENT—EFFECT OF DEFAULT.—Judgment by default admits to be true all material allegations properly set forth in the complaint, and is tantamount to an admission that plaintiff is entitled to judgment as prayed by him.

8. APPEAL AND ERROR—HARMLESS ERROR.—In an action for conversion of a county warrant, error in failing to call a jury to assess plaintiff's damages was not prejudicial where the judgment contained recitals which showed that if a jury had been called the

only verdict which could have been rendered would have been for the amount found due by the court.

9. APPEAL AND ERROR—PRESUMPTION.—Where a judgment recited that the defendant appropriated to his own use a county warrant which was the property of plaintiff and of its face value, it will be presumed that the court had the warrant before it and that the warrant was worth its face value.

10. EVIDENCE—PRESUMPTION.—A county warrant is *prima facie* of the value stated on its face.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck*, Judge; affirmed.

*Gautney & Dudley,* for appellant.

There was no compliance by appellee with the law governing the issuance and delivery of the scrip. See §§ 1999, 2002, and 6303, C. & M. Digest. The complaint failed to state a cause of action and should be set aside on appeal. 68 Ark. 263; 94 Ark. 572; 157 Ark. 385. A jury should have been called, there being no waiver of the right to a trial by jury. C. & M. Dig. § 1266. See also § 6238 Digest. This was not an action founded on contract, but one sounding in trover or conversion. 4 Ark. 440; 16 Ark. 199; 25 Ark. 565; 109 Ark. 534; 20 L. R. A. (N. S.), and note.

*Lamb & Frierson,* for appellee.

The warrant in question was not a judgment but personal property, but treating it as a judgment, it would have been assignable. 113 Ark. 486; 102 Ala. 635, 15 R. C. L., p. 775, § 27; 2 Freeman on Judgments, § 422. A judgment assigned otherwise than in accordance with § 6303, C. & M. Digest, is at most but an irregularity and not ground for reversal. The provisions of this section are merely cumulative. 98 Ark. 529; 74 Ark. 551. By failing to appear after summons, appellant waived his right to trial by jury. C. & M. Digest, § 1308; 44 Ark. 202; 113 Ark. 261. Since the adoption of our civil code the cases cited by appellant in 4 Ark. 440, 16 Ark. 199 and 25 Ark. 563 are no longer authoritative, being destroyed by § 1308 C. & M. Dig. and 44 Ark. 202. Appellant makes no complaint of the general form of the judgment; hence the only question for the court is whether

or not the complaint states a cause of action. A judgment based upon a good complaint, and with personal service, need contain no further recital or finding than that the defendant is indebted to the plaintiff, and that the latter recover the amount so found. 33 C. J. p. 1194-5, §§ 125-128; 20 Tex. 2; 99 Ark. 433. A county warrant is *prima facie* worth its face. 44 Ark. 437; 103 Ark. 468; 34 Ark. 684; 31 Ark. 552. A value once proved is presumed to continue until the contrary appears. 248 Fed. 636; 45 N. E. 276; 40 Mich. 545; 66 Mo. App. 678; 83 Atl. 776; 85 Ore. 345.

WOOD, J. This is an action by the appellee against the appellant. The appellee alleged that, prior to December 20, 1920, Poinsett County was indebted to Hooten, or Hooten & Company, in the sum of $1,708; that J. C. Hooten, or Hooten & Company, assigned the account to the appellee, and that the appellee was the only person having the right to receive payment from the county; that the appellant, notwithstanding this fact, procured a warrant to be issued by the clerk of Poinsett County to him, which warrant he converted to his own use, and thereby damaged the appellee in the sum of $1,708, which the appellee had demanded and which the appellant had refused to pay, and for which amount appellee prayed judgment.

The appellant was duly served with summons, and, having failed to answer, judgment was rendered by default against him on September 6, 1923. The judgment, after reciting that the appellant had been duly summoned, called, and made default, continues as follows: "The court finds from the evidence that the defendant has been personally served with summons at the place and at and for the time in form and manner required by law; that in December, 1920, the defendant received and appropriated to his own use a county warrant of Poinsett County, which warrant was, at the time of such receipt and appropriation, the property of plaintiff; that the same was issued in the amount and of the value of $1,708, and that defendant is indebted to plaintiff in said sum, together with interest thereon at six

per cent. from January 1, 1921, amounting in the aggregate to $1,986.60. It is therefore by the court considered, ordered and adjudged that plaintiff Ed Landers have and recover of and from the defendant W. D. Shelton said sum of $1,986.60, together with all costs herein, for which execution may issue." From the above judgment is this appeal.

The appellant contends, first, that the complaint fails to state a cause of action within the jurisdiction of the court. The complaint, though somewhat vague and indefinite, contains sufficient allegations to state a cause of action in favor of the appellee against the appellant for conversion. It alleges that the appellee was the owner of a warrant by assignment from Hooten, or Hooten & Company, which had been previously allowed by the county court, and that the appellant, "without any right or authority, procured the clerk of Poinsett County to issue and deliver the warrant to him, and that the appellant used and converted the same to his own use, to the damage of appellee in the sum of $1,708." The appellant contends that appellee's remedy, as the assignee of the claim of Hooten, or Hooten & Company, was to apply to the clerk of Poinsett County for the issuance of the warrant to him under the procedure set forth in §§ 1999 to 2002, inclusive, of Crawford & Moses' Digest. These sections provide for the issuance by the clerk of county warrants to those who have had claims allowed against the county upon their request and receipt for same. But the fact that the appellee, as the assignee of the claim against the county, might have had the right, under these provisions of the law, to have had the county clerk of Poinsett County issue the warrant to him direct by complying with the above sections, does not interfere with the appellee's right to proceed against the appellant, if the appellant, without authority from the appellee, procured the clerk of Poinsett County to issue the warrant to him. If the appellant procured the clerk to issue the warrant to him when he was not entitled to the same, then appellant was guilty of a wrong for which he was liable to the appellee, and such conduct

on the part of the appellant, under the circumstances, does not make the appellant any the less liable, even though the clerk of Poinsett County, in issuing the warrant to the appellant, may not have complied with the law. The clerk's failure to do his duty, as stated by counsel for appellee, did not destroy appellee's title to the warrant nor vest title to the same in appellant. The fact, if it be a fact, that the county clerk of Poinsett County negligently delivered the warrant to appellant, did not exonerate appellant, nor free him from liability in procuring the clerk to issue the warrant to him without authority. The complaint states a cause of action, and, if appellant desired that it be made more definite and certain, he was served with process and had an opportunity to appear and move the court to that end. The allegation that "the defendant, without any right or authority, procured the clerk of Poinsett County to issue and deliver said warrant to him" was sufficient, in the absence of a motion to make more specific, to let in proof as to the method used by the appellant to procure the clerk to issue the warrant to him. Likewise, the allegation that Hooten, or Hooten & Company, had assigned the claim and warrant to the appellee was sufficient, in the absence of motion to make more specific, to let in proof as to the manner of the transfer or assignment.

Section 6303 of Crawford & Moses' Digest, providing that the sale of a judgment, or any part thereof, of any court of record must be by a written transfer, etc., we do not consider has any application to the allegations of the complaint. A claim against the county which has been allowed and a warrant issued thereon as evidence of such allowance is not within the purview of § 6303, *supra*. Such a warrant is personal property like a note, check, draft, or other chose. A judgment by default admits to be true all material allegations properly set forth in the declaration, and is tantamount to an admission that plaintiff is entitled to judgment as prayed by him. 15 R. C. L. 667, §§ 117, 118; *Melton* v. *St. L. I. M. & S. Ry. Co.*, 99 Ark. 433.

2. The appellant next contends that a jury should have been called to assess the damages, and that, since this was not done, the judgment is void. We find it unnecessary to decide, and do not decide, this question for the reason that if it be conceded that it was the duty of the court to call a jury to assess the damages and that the court erred in not doing so, nevertheless, such error, under the recitals of the judgment could not have prejudiced the appellant. The judgment recites that "the court finds from the evidence that the defendant received and appropriated to his own u s e a county warrant, which warrant was, at the time of such receipt and appropriation, the property of plaintiff; that the same was issued in the amount and of the value of $1,708," etc. These recitals were sufficient to show that the findings and judgment of the court were predicated, not alone upon the pleadings in the cause, but upon the evidence. The recitals show that the merits of the cause were finally determined, and the judgment is therefore sufficient. *Melton* v. *St. L. I. M. & S. Ry. Co. supra.* See also *Cook* v. *Hancock,* 20 Texas 2, 33 C. J., p. 1194, §§ 125-128. The presumption from these recitals is that the judgment of the court was based on sufficient evidence to sustain the same. In the absence of a showing to the contrary, it will be presumed that the court had the warrant before it, and that such warrant was worth its face value. Moreover, the warrant itself was *prima facie* of the value stated on its face. See §§ 2028, 2029, C. & M. Digest; *Goyne* v. *Ashley County,* 31 Ark. 552; *Union County* v. *Smith,* 34 Ark. 684; *Barton* v. *Swepson,* 44 Ark. 437. See also *Watkins* v. *Stough,* 103 Ark. 468.

The recitals of the judgment shows that if a jury had been called, the only verdict it could have rendered under the evidence would have been to assess the damages at the amount set forth in the recitals of the court's judgment.

The judgment is in all things correct, and it is affirmed.