G. H. HARDIN & COMPANY *v.* NETTLES.

4-4285

Opinion delivered April 20, 1936.

O. T. Ward, for appellant.

Jeff Bratton, for appellee.

BAKER, J.   Eugene Nettles filed a suit in the chancery court of Greene County against G. W. Sweaney, who was a tenant upon Nettles' farm, and also against G. H. Hardin & Company, which company was a partnership composed of G. H. Hardin, Clayton Hardin and Ollie Bearden, but this fact was not alleged and upon motion Hardin & Company was discharged.   Upon the same day on which the action against Hardin & Company was dismissed, an amendment was filed and the partners composing the company were sued.   These parties defended the suit upon the ground that more than six months had expired after maturity of the rent accounts, and that the lien was no longer enforceable.   Proof was taken and several witnesses testified, though there was no substantial controversy among the parties.   It was admitted, or at least not disputed, that Nettles had notified Hardin & Company, who sometimes bought cotton, that Sweaney was his tenant, and that his lien on the crops would have to be protected.   As Hardin & Company bought cotton from time to time from Sweaney, they remitted a fourth of the proceeds of the cotton to Nettles. This, however, did not pay all the rents because Nettles had rented certain lands to Sweaney upon which he planted and grew his crops of corn and hay, and for this land Sweaney was to pay a certain price per acre.   It was to recover this part of the rents that Nettles was pursuing Hardin & Company as purchasers of Sweaney's crop.   In taking testimony by deposition, the attorney representing Hardin & Company had Nettles and his wife, who was Nettles' bookkeeper and agent, upon cross-examination, pressing his contention rather vigorously in an effort to show maturity dates of the debts for rent.

It was developed that Nettles and his wife had gone to Sweaney's home, where they found Sweaney sick in

bed, and there bought from Sweaney five bales of cotton, allowing him as credit therefor 8c a pound, which was perhaps something over and above the market price. It was also developed by proof, which was in accordance with the proof developed on this cross-examination, that Sweaney had told the ginners that he had saved the five bales of cotton to pay the rent on his corn and hay crops and expected to use it for that purpose. Nettles had arranged for Ray to haul the cotton to put it away in compress or storage, but on account of bad roads he did not go for the cotton for two or three weeks after directed to do so. In the meantime Sweaney had gone and gotten the cotton, sold it to Hardin & Company who had no knowledge of the fact that Sweaney had previously sold the cotton to Nettles. It is, perhaps, correct to say that Nettles did not know what had become of the cotton until he received check from Hardin & Company for one-fourth of the value of the cotton he had just purchased from Sweaney. This last statement may not be correct, but it is not, at least, prejudicial to the interests of the parties. We think it is conceded that Hardin & Company did not know that Nettles had purchased the cotton.

Upon trial of the case the court considered the pleadings amended to conform to this proof to the effect that Hardin & Company had purchased this cotton from Sweaney which had prior to that time been sold to Nettles who was the real owner, and that Sweaney had no interest therein, and upon that theory the court permitted a recovery. The appellant urges that the lien of the landlord had expired at the time of the filing of this amended complaint, naming all of the parties composing Hardin & Company as defendants; that, therefore, the decree of the court was erroneous. Whether the appellant may be correct in his theory, is not the question that was decided in the chancery court. The question there settled was that Hardin and his associates had converted cotton that belonged to Nettles to their own use, had paid the fourth part of the value thereof. It may be there were some other items that entered into the amount of this judgment or decree. If so, these have not been pointed out.

Appellant cites certain cases to the effect that this was a new or different cause of action, and that the decree or judgment is not in response to the pleadings, and, therefore, must be treated as error. This contention would be sound, except for the well known proposition that courts in the exercise of discretion permit amendments to be made when necessary to subserve the ends of justice. The appellee could not have introduced this proof upon the pleadings he had filed. The appellants did introduce it, and, if there were any error in its presentation, the appellants erred.

Of course, there was no objection to this testimony. Therefore, under a long line of cases, pleadings were necessarily treated as amended to conform to the proof. *Street* v. *Shull,* 187 Ark. 180, 58 S. W. (2d) 932; *Fidelity & Deposit Co. of Maryland* v. *Cowan,* 184 Ark. 75, 41 S. W. (2d) 748; *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44.

Appellee could not have offered this testimony over objection of the appellants without error, but appellee did not offer it at all.

The court was correct in treating the pleadings as amended to conform to this proof.

There is no estoppel in this case as Nettles has done nothing to induce them to buy or pay Sweaney for this property. He has only attempted to protect himself. In the conversion of property there is no such thing as an innocent purchaser who will be protected against the real owner who is not, in any manner, in default. *Newburger Cotton Co.* v. *Stevens,* 167 Ark. 257, 267 S. W. 777; *Shelton* v. *Landers,* 167 Ark. 638, 270 S. W. 522.

From the foregoing it must be seen that those who take the property of others, whatever may be their good faith, intention or purpose, must account to the true owner therefor.

There was no error. The decree is affirmed.