## BLANKENSHIP et al. v. ROYALTY HOLD-ING CO.

### No. 4548.

United States Court of Appeals
Tenth Circuit.

Feb. 11, 1953.

Cecil A. Morgan, Fort Worth, Tex. (Spencer Shropshire, Fort Worth, Tex., on the brief), for appellants.

Loyd Benefield, Oklahoma City, Okl. (Savage, Gibson & Benefield, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The action out of which this appeal arises was originally filed by the Royalty Holding Company, Inc., appellee, against Daisy D. Blankenship, individually, and against her as executrix of the estate of G. T. Blankenship, deceased. The court in that action sustained her motion to dismiss as to her individually for failure to state a claim upon which a recovery could be had. The judgment of the court on the motion, as evidenced by a written journal entry, approved by the attorney for appellee, Royalty Holding Company, Inc., and for Daisy Blankenship and signed by the court, so far as material reads as follows:

"Now on this the 27th day of March, 1950, comes on for hearing the separate motion of the defendant, Daisy D. Blankenship as an individual, to dismiss the above entitled cause as to her; and the Court upon consideration of such motion finds that the same should be sustained.

"It is therefore considered, ordered, adjudged and decreed by the Court that said motion to dismiss be, and the same hereby is, sustained, and said action as to her is hereby dismissed at the costs of the plaintiff.

Edgar S. Vaught, Judge.

O.K.: Loyd Benefield, Attorneys for Plaintiff; Dudley, Duvall & Dudley, by J. B. Dudley, Attorneys for Defendants.

Filed: March 29, 1950."

Two years to the day after the entry of this judgment, Royalty Holding Company, Inc., filed a motion for an order nunc pro tunc to correct the judgment as recorded, by inserting after the word "dismiss" as contained therein the words "without prejudice". This application for the nunc pro tunc order came on for hearing before the Honorable W. R. Wallace, District Judge. After a full hearing thereon in which oral testimony was adduced, and with the consent of both parties, Judge Wallace discussed the matter with Judge Vaught, who entered the original judgment, and thereafter entered an order sustaining the motion to correct the judgment as prayed for.

This appeal challenges the correctness of that action.

■ Courts possess the inherent power to correct errors in the records evidencing the judgment pronounced by the court so as to make them speak the truth by actually reflecting that which was in fact done. They do not, however, possess the power to correct an error by the court in rendering a judgment it did not intend to render and by such an order change a judgment actually but erroneously pronounced by the court to the one the court intended to record. With these principles all courts are in accord.

■ The decisions are, however, not harmonious as to the conditions and factors which may be considered on such a motion. The rule at common law was that a correction of clerical errors in the record of a judgment by a nunc pro tunc order could be based solely upon the record prior or at least of equal date with that part of the record sought to be corrected. It could not be based upon a consideration of parol evidence. This is still the rule in some of the states.[1] Other states have relaxed the rigid rule of the common law with varying degrees. Some courts hold that a nunc pro tunc order at a subsequent term can only be made upon evidence furnished by the papers and files in the case or something of record in the clerk's minute books or on the judge's docket.[2] All the courts permitting oral evidence to be considered hold that such evidence must be clear and convincing.[3] The rule is well stated in Morgan v. Scott-Mayer Commission Co., 185 Ark. 637, 48 S.W.2d 838, 840, as follows: "* * * and, to justify such an order, that testimony must be clear and so decisive in its nature as to overcome the recitals of the written judgment sought to be corrected". While Puccinelli v. United States, 9 Cir., 5 F.2d 6, 9, was a criminal case in which a judgment was thus sought to be corrected, what was said there applies with equal force to a judgment in civil cases. The court therein said: "* * * in our opinion, it is better far that this appellant should escape the full penalty which the court intended to impose, than that the fate of every prisoner and the duration of every sentence should depend upon the recollection of the trial judge or the uncertainty of parol testimony for months and perhaps for years after the original sentence was pronounced and entered upon the records of the court. In the language of Mr. Justice Bradley, the court should not adopt a proceeding so questionable and hazardous".

Some courts while permitting a judge to take into consideration his independent recollection of what occurred at the time of the entry of the judgment limit such right to cases in which the application is made within so short a time after the judgment is entered that the terms of the judgment pronounced will be fresh in the minds of both counsel and the court.[4]

■ Tested by these rules, we are of the view that the judgment appealed from cannot be sustained. Here the written record is clear and convincing as to the judgment which was entered by the court at the time. While a journal entry is not the judgment of the court, the practice in the district court seems to have been to make it the means of recording what was done. The record does not make it clear who prepared the journal entry of judgment. There is evidence which would sustain a finding that it was prepared by the attorney for appellee who is now challenging its correctness. But be that as it may, it was prepared at the time the judgment was entered or at least within two days thereafter, at a time when the transaction was clear and fresh in the minds of all the parties. At that time they apparently were all of one mind that the journal entry correctly reflected the judgment of the court, because the attorneys O.K.'d the journal entry and the judge who entered the judgment signed

---

1. See 30 Am.Jur., Judgments § 119 and 49 C.J.S., Judgments, § 256, and authorities there cited.

2. 126 A.L.R., Pages 956, 993.

3. Kory v. Less, 183 Ark. 553, 37 S.W.2d 92; 30 Am.Jur., Judgments § 118.

4. See Milwaukee Electric Crane & Mfg. Corp. v. Feil Mfg. Co., 201 Wis. 494, 230 N.W. 607, and cases there cited.

it as his official act. The presumption must be that the parties read it and knew what it contained and approved it as the pronouncement of the court.

On the day the judgment was pronounced the clerk also entered a record of it on his minute book as follows: "On this the 27th day of March, 1950, the parties appeared by their respective counsel, and this cause comes on for hearing on the following: 1st, on motion of Daisy D. Blankenship, as an individual, to dismiss. Said motion is sustained and action dismissed as to said defendant; * * *."

These clear cut recitals of the record made at the time of the trial should not be set aside after two years upon oral statements of the parties, whether of counsel or on the part of the court, unless the oral testimony is clear and so decisive in its nature as to compel it. Not only do we feel that the oral testimony upon which reliance is placed falls far short of meeting this test but on the other hand we are of the view that the weight thereof tends more to support the judgment as recorded than to overcome it. Appellee's counsel is to be commended for his fairness in his statement as to his recollection of what occurred at the time of the entry of judgment. His statement lends itself to the conclusion that he agreed with Judge Dudley that his complaint failed to state a cause of action against appellant. Thus he said: "After he [Judge Dudley] made that statement I made a statement something like this, as I recall, that I, as counsel for the Royalty Holding Company, had doubtlessly had in mind a reason for suing Mrs. Blankenship in her individual capacity as well as her capacity as executrix of the estate, but whatever that reason I had in mind it was such a voluminous matter I did not recall, therefore, I would agree to dismiss Mrs. Blankenship in her individual capacity, and based upon that statement, and without showing the merits of the cause, and I am sure Judge Dudley will bear me out in this respect, the Court ruled favorable on his motion to dismiss." If he in effect agreed that his complaint failed to state a claim upon which recovery could be had, no further consideration of the merits of the complaint was necessary and the court would perforce be required after considering the motion to dismiss for failure to state a claim. True, later on he states that as he remembered the transaction, "There is no statement in the order that it was dismissed with or without prejudice, but I am reasonably convinced an order of dismissal where there is no statement one way or the other, would mean a dismissal with prejudice. Therefore, this application is to correct that order because the agreement of the parties was not reflected in the order, although the wording indicates to the contrary."

Judge Dudley's recollection as set out in his oral testimony is quite to the contrary and entirely in support of the written record. He testified concerning the complaint which he moved to dismiss for failure to state a claim that, "as I understood the complaint there was no effort made to cancel any portion of her stock, and then I remember this, that as far as I could see from an analysis of the complaint that it did not state a cause of action against her for any relief. Now at that time Mr. Benefield said something. I don't know exactly what he did say, and I do not remember it exactly as he remembers it. I do remember, however, that he said something to the effect that 'we concede' or 'we agree that that is correct.' * * * and as I recall, the statement I made to Judge Vaught in open court that I couldn't see anything from the complaint that stated any cause of action whatever against her." Concerning whether the dismissal was by agreement, Judge Dudley testified, "now he [Mr. Benefield] tells me, and I know he is honest about it, that at that same time he said something to the effect that he didn't recall at the time just why he brought this suit as he did. For that reason, his idea is, the case was dismissed by agreement. That is about the substance of Mr. Benefield's remarks. Now I don't remember it that way, * * *." The next day after the journal entry of judgment was entered and while the matter was fresh in his mind, Judge Dudley stated that he wrote his client as follows: "'This disposes of the case so

far as you are concerned,' and I sent her a copy of the order." Judge Dudley further testified, "In other words, I found as applied to her, that a hearing was had on the motion of Daisy D. Blankenship to dismiss, it was argued and sustained." We do not have in the record Judge Vaught's recollection of the transaction although under some of the authorities it is doubtful if his recollection, after a lapse of two years, whatever it might be, would be sufficient alone to overcome the clear pronouncements of the written record signed by him.

As has been pointed out, the solemn record of a court which has stood unchallenged for two years and which is clear and convincing and without ambiguity on its face should not be set aside by the recollection of some of the parties to that record two years thereafter, especially when such recollections in themselves do not clearly indicate that the recorded judgment did not speak the truth.

The judgment is reversed and the cause is remanded with directions to proceed in conformity with the views expressed herein.