**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL JOSEPH MEINDL,

Defendant-Appellant.

No. 07-3158

District of Kansas

(D.C. No. 99-CR-40075-01-SAC)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY** and **McCONNELL**, Circuit Judges.

Daniel Joseph Meindl, a federal prisoner proceeding *pro se*, appeals from

the district court's denial of his petition for a nunc pro tunc order to correct errors

in the court's record. Mr. Meindl argues that his sentence has been erroneously

recorded because it does not reflect credit for time served prior to the

commencement of his federal sentence. Asserting that this failure is the result of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a clerical error, Mr. Meindl urged the district court to correct it and to order the Bureau of Prisons to credit his sentence for 26 months served on state charges prior to federal sentencing. The district court denied Mr. Meindl's petition. Because appellant proceeds *pro se*, we construe his petition liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Nevertheless, because the record indicates that no clerical error was committed, we affirm the denial of Mr. Meindl's petition.

In February 2001, appellant pled guilty to three counts of manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 120 months of imprisonment on each count, with the sentences to run concurrently. He also pled guilty to one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and (2), for which he was sentenced to 60 months of imprisonment, to run consecutively to the other sentences. At sentencing, Mr. Meindl requested that he be given credit for time served since his arrest on March 4, 1999, prior to the commencement of his federal sentence. Tr. of Sentencing at 6-7. He also requested that these sentences be made to run concurrently with undischarged terms of imprisonment on related state charges. *Id.* The sentencing judge granted the request for the sentences to run concurrently with the state sentences. *Id.* Regarding credit for time served, however, the judge stated that "the authority to decide whether a defendant is entitled to credit for time spent in custody awaiting disposition rests with the

Bureau of Prisons." *Id.* at 6. Lacking the power to order the credit, the judge stated that he would recommend that credit be granted. *Id.*

Appellant is correct that a district court has jurisdiction to correct its own clerical errors. In civil proceedings, this Court has recognized that a nunc pro tunc order can be a valid exercise of a court's "inherent power to correct errors in the record[]. . . so as to make them speak the truth by actually reflecting that which was in fact done." *Blankenship v. Royalty Holding Co.*, 202 F.2d 77, 79 (10th Cir. 1953). The Federal Rules of Criminal Procedure also provide for correction of clerical errors: "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

However, this Court has overturned a nunc pro tunc order, similar to the one sought by appellant here, on the ground that "[a] district court does not have inherent power to resentence defendants at any time." *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (quoting *United States v. Lewis*, 862 F.2d 748, 750 (9th Cir. 1988)). In *Blackwell*, the district court modified the defendant's sentence from a term of imprisonment to a term of probation in order to correct a disparity between the defendant's sentence and the sentence imposed on a co-conspirator. *Id.* at 947. The district court characterized this modification as an exercise of its "inherent jurisdiction" to correct its record to prevent injustice. *Id.*

In reversing this decision, we noted that the limits placed on sentencing courts by the Federal Rules of Criminal Procedure do not permit substantive modifications to a defendant's sentence. *Id.* at 949. We made clear that traditional clerical errors may be modified under Rule 36, but that substantive modifications to a sentence may be made only in limited circumstances pursuant to Rule 35 or under other specific statutory grants of authority. *Id.* at 947-49.

Mr. Meindl asserts that he is requesting correction of a clerical error, not a substantive modification to his sentence. We cannot agree. The written judgment is clear, and bereft of any clerical errors. The sentencing judge agreed to allow the federal sentences to run concurrently with Mr. Meindl's remaining state sentences, and to recommend that credit be granted for time served. Tr. of Sentencing at 6-7. The written judgment clearly contains these terms, stating that "[t]his sentence of imprisonment runs concurrently with any other undischarged term of imprisonment," and that "[t]he defendant is given credit for the time already served in this case." Judgment at 2.

Arguably, the written judgment exceeds the sentencing court's authority. The grant of credit for time served is phrased as an order instead of a recommendation, and is located in the order along with the terms of imprisonment instead of in a section of the judgment devoted to "recommendations to the Bureau of Prisons." *Id.* As noted, these matters are entrusted to the discretion of the Bureau of Prisons. One could conclude that the judgment reflects the district

-4-

court's intent to order the Bureau of Prisons to grant this credit. On the other hand, the district court correctly noted during the sentencing hearing that the Bureau of Prisons, not the district court, has discretion to determine the credit to be given for time served. Tr. of Sentencing at 6; *see United States v. Wilson*, 503 U.S. 329, 334 (1992) ("§3585(b) does not authorize a district court to compute the credit [for time served] at sentencing."). As best we can tell, the Bureau has interpreted the written judgment in this case as a recommendation, as the district court apparently intended and as the law requires. If the written judgment was in error, the error was not clerical. In any event, it is hard so see how the defendant was harmed if the court's recommendation (which is in his favor) was articulated more forcefully than it should have been.

In addition to evaluating Mr. Meindl's petition for a nunc pro tunc order, the district court indicated that improper execution of a sentence must be challenged via a petition for habeas corpus under 28 U.S.C. § 2241. To the extent that petitioner was challenging the authority of the Bureau of Prisons and its execution of his sentence, the district court concluded that this petition would fail under § 2241 because Mr. Meindl has not demonstrated that he has exhausted his administrative remedies. *See United States v. Jenkins,* 38 F.3d 1143, 1144 (10th Cir. 1994) ("Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instances and thereafter seek judicial review of the Bureau's determination."). While we express no opinion regarding the requirements for

Mr. Meindl to prevail under § 2241 after he exhausts his administrative remedies, we do agree with the district court's dismissal of this petition without prejudice to petitioner filing such an action.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

ENTERED FOR THE COURT,

Michael W. McConnell
Circuit Judge