GIBBS *v.* SINGFIELD.

Opinion delivered November 23, 1914.

ADMINISTRATION—PRIVATE SALE—CONFIRMATION.—A private sale made by an administrator, when made without authority of the court, should not be confirmed.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Nelson H. Nichols* and *C. T. Lindsey,* for appellant.

*W. A. Singfield, pro se.*

The probate court was without authority to confirm the private sale made by the administrator, who could sell only after an order of the probate court. 47 Ark. 218; 26 Ark. 257; Kirby's Dig., § 3793.

McCulloch, C. J., Appellant's intestate, Henry Gibbs, purchased a lot in the city of Little Rock from one Nora Green for the price of $700, payable in installments, and the vendor entered into a written contract of sale whereby the deed was to be executed upon the payment of all of the purchase price. The purchaser paid the major portion of the price, but died, leaving an unpaid balance. The vendor instituted an action in the chancery court of Pulaski County against appellant, as administrator, and the heirs of the said decedent, to foreclose the lien, and a decree of foreclosure was rendered by the chancery court. The commissioner of the court was directed to sell the property on November 2, 1912. On that day and before the hour set for the sale by the commissioner, Cornelia Armistead, paid off the amount of the decree at the instance of appellant, and he sold the property to her at private sale for the sum of $600, and executed a deed pursuant thereto. Thereafter he reported the sale to the probate court and that court confirmed the sale, but appellee, who had purchased the interest of one of the heirs of said decedent, appealed to the circuit court from the order of confirmation. The case was heard in the circuit court upon that appeal and the court refused to confirm the sale. Appellant prosecutes an appeal from that judgment.

Other questions are argued, but we think the case comes down to the simple proposition whether a private sale made by an administrator without a previous order of the court should be confirmed. The question is easy

of solution. The authority of an administrator with respect to sale of his decedent's land is limited by the statute which creates it, and nowhere in the statute is found any authority for an administrator to sell lands at private sale without an order of the court. The court itself has no authority to order a sale contrary to the terms of the statute. *Montgomery* v. *Johnson,* 31 Ark. 74; *Planter's Mutual Insurance Association* v. *Harris,* 96 Ark. 222.

Whether such a sale would, after confirmation, be treated as void, we need not determine, for this case involves only the question whether or not such a sale should be confirmed.

The act of 1891 provides that probate sales of real estate "made pursuant to proceedings not in substantial compliance with statutory provisions shall be voidable." Kirby's Digest, § 3793. Surely it needs no argument to show that a private sale, or one not previously ordered by the probate court, is not in substantial compliance with the statute and should not be confirmed.

The judgment of the circuit court is correct and is affirmed.