WOODRUFF COUNTY v. ROAD IMPROVEMENT DISTRICT No. 14.

Opinion delivered June 11, 1923.

1. BRIDGES—AUTHORITY OF COUNTY COURT TO CONTRACT FOR.—In an action against a county to recover for building a county bridge, the presumption, in the absence of proof, is that money to build the same has been appropriated, therefore that the county court had authority to contract for construction of the bridge.

2. BRIDGES—ALLOWANCE BY COUNTY COURT—VALIDITY.—Where a road improvement district paid a contractor to build a county bridge, under an agreement of the county court to pay a part thereof, an order of the court allowing a claim therefor to the contractor, instead of to the district, was at most an irregularity, which did not render the allowance void.

3. COURTS—APPEAL FROM COUNTY COURT.—Where warrants were issued by the county court on an allowance, but their delivery was

withheld by order of the court, an order of the court canceling the warrants as improperly issued was appealable.

4. COUNTIES—ASSIGNABILITY OF WARRANTS.—Where a county court made an order of allowance and issued warrants based thereon, such warrants were assignable, and the assignee could appeal from a subsequent order of the county court canceling the warrants as improperly issued.

5. JUDGMENTS—DIRECT AND COLLATERAL ATTACK—PAROL EVIDENCE.— While parol evidence may be introduced in a direct attack on a judgment of a court of record to show that it was rendered in vacation, the rule is otherwise upon a collateral attack.

6. JUDGMENTS—COLLATERAL ATTACK.—A proceeding in the county court in which outstanding county warrants are called in for cancellation and reissuance is a collateral attack.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; affirmed.

### STATEMENT OF FACTS.

The county court of Woodruff County in 1921 made an order calling in the outstanding warrants of the county for cancellation and reissuance, and this appeal involves the correctness of a judgment of the county court canceling certain warrants, and refusing to reissue the same.

It appears from the record that a special act to create Road Improvement District No. 14 of Woodruff County, Ark., was approved on February 7, 1920. Three commissioners were named in the act to construct the improved road.

In constructing the improved road it was necessary to build bridges across two streams. There were already wooden bridges over these streams, but they had become worn out, and it was necessary to replace them. In April, 1920, the board of commissioners of the road improvement district made an agreement with the county judge of Woodruff County for the county to pay $2,500 each toward the replacement and construction of new bridges across these streams.

Pursuant to the agreement, the board let a contract at public auction, in the manner prescribed by the statute for the construction of bridges. The Illinois Steel

Bridge Company was the lowest bidder, and the contract was awarded to it for the construction of both bridges.

The cost of constructing the bridge across Roaring Slough was $8,398.87. After this bridge had been constructed the board of commissioners of the road improvement district paid the Illinois Steel Bridge Company the full amount due it for the construction of the bridge. The payment was made out of the funds of the road improvement district. The board of commissioners of the road improvement district then presented a claim to the county court, in the name of the Illinois Steel Bridge Company, for the sum of $2,500 to be applied toward the payment of the construction of the Roaring Slough bridge. Just before the county judge who had made the agreement with the board of commissioners of the road improvement district went out of office, an order was made allowing the claim of the Illinois Steel Bridge Company in the sum of $2,500 for steel used in the construction of a bridge across Roaring Slough, and warrants were ordered issued in the sum of $100 each for that sum. This order was duly entered of record on the 30th day of December, 1920. The record recites that this was an adjourned day of the county court which was duly held at the courthouse in said county.

The warrants were duly issued, and the board of commissioners procured an assignment of the claim from the Illinois Steel Bridge Company to the secretary of the board of commissioners of Road Improvement District No. 14 of Woodruff County. On the 1st of January, 1921, a new county judge was inducted into office in Woodruff County, and he refused to allow the county clerk to deliver these warrants.

At the April term, 1921, of said county court, an order was made calling in the outstanding county warrants under § 1994 of Crawford & Moses' Digest, for the purpose of cancellation and reissuance. On August 1, 1921, the county court of said county made an order

canceling the warrants in question and refusing to reissue the same.

Subsequently the board of commissioners of the road improvement district procured a written order of assignment of these warrants to it from the Illinois Steel Bridge Company. On the 7th day of January, 1922, the chairman of the board of commissioners of said improvement district made an affidavit of appeal from the order of said county court canceling said warrants and refusing to reissue the same. The appeal was duly granted by the circuit clerk. A motion was made to dismiss the appeal on the ground that the affidavit had been filed by the chairman of the board of commissioners of the road improvement district, and not by the Illinois Steel Bridge Company or its agent. The motion was denied by the court. The case was heard in the circuit court on the facts stated above, and upon other facts which do not have any bearing upon the issues raised by the appeal, and which for that reason we need not state.

The circuit court was of the opinion that said warrants were originally properly issued by the county court in favor of the Illinois Steel Bridge Company, and thereafter duly assigned, for a valuable consideration, to Road Improvement District No. 14 of Woodruff County, Ark.; that, at the time said warrants were canceled by the county court, they were the property of Road Improvement District No. 14, and that the county court erred in the cancellation of said warrants; that said road improvement district has the right to a reissue of them and to have them delivered to the commissioners of said district.

Judgment was rendered accordingly, and to reverse that judgment Woodruff County has duly prosecuted an appeal to this court.

*R. M. Hutchins*, for appellant.

This is not one of the "good faith" county warrant cases such as discussed in 72 Ark. 330. On December 30, 1920, the county court allowed claim of Illinois Steel

Bridge Company for $2,500, and warrants were issued therefor. Warrants were called in for reissue August 1, 1921, and these warrants, being in the clerk's office, were canceled and not reissued. Appellee road district, claiming to be the owner of said warrants by assignment but not being a party to the record, the judgment of cancellation had no right to appeal from the order of the county court canceling the warrants herein. Sec. 33, art. 7, Constitution; Kirby's Digest, § 1487; 52 Ark. 99; 71 Ark. 48; 53 Ark. 287. It was so held prior to adoption of present Constitution. 26 Ark. 461; 30 Ark. 578; 28 Ark. 479; 47 Ark. 411. The road district is not the party aggrieved. 99 Ark. 59; 3 N. Y. Supp. 664, 56 N. Y. Supr. Ct. 606. 64 N. C. 110; 49 Pac. 5. Appellee road district alleges it became the owner of the warrants for a valuable consideration by an assignment in writing executed by the Illinois Steel Bridge Company, but did not prove such assignment, its validity being challenged by affidavit under § 479, C. & M. Digest. County warrants are negotiable and transferable by delivery (7 Ark. 214), but these warrants have never been out of the possession of appellant, never been in possession of appellee, its alleged assignor. The allegation of assignment should have included delivery of the warrants in order to entitle appellee to maintain an action in its name. 1 Eng. 200; 2 Eng. 491, 376. County warrants non-negotiable within meaning of the law merchant, and buyer stands in shoes of seller. 28 L. R. A. 645. The letter did not operate as an assignment so as to enable appellee named therein to sue. 148 Ark. 283. There was a defect of parties, and appellant's motion to dismiss appeal should have been granted. The warrants were not issued on the order of the county court. The court erred in not allowing appellant to show the term had lapsed before order adjourning to date of issuance of warrants was made or entered. 141 Ark. 437; 145 Ark. 259; 86 Ark. 591. A judgment entered in vacation as was this order was not the order of a court. 138 Ark. 226. An adjourned session could only be held by

order of court made in term time and entered of record. Kirby Digest, 1531. The record of usurpation should have been expunged. 96 Ark. 427. Warrants were not issued on verified claim, and were issued without an appropriation made. § 2029 C. & M. Digest and § 1976; 118 Ark. 530. The warrants were regularly called in and canceled, and appellee's claim is barred. C. & M. Digest, §§ 1994, 1996, 117 Ark. 254; C. & M. Digest, § 1976; 118 Ark. 524; 103 Ark. 468; sec. 16, art. 19, Constitution.

*W. J. Dungan,* for appellee.

No bill of exceptions in the case. The motion for new trial was presented in vacation without a compliance with the statute. C. & M. Digest, § 1311; 129 Ark. 550. Appellee was the party aggrieved, and had a right to the appeal. 135 Ark. 83; 90 Ark. 219; 87 Ark. 160. The same situation is presented here as in the case of 118 Ark. 524. The county court had the authority to make the contract to pay the amount agreed on towards the construction of the bridges. 72 Ark. 330. The Road District purchased the claim or warrants from the bridge company and had its order to the clerk directing that they be delivered to the district when issued, and § 479, C. & M. Digest, has no application to this case. The warrants were regularly issued, and no error committed in refusing to allow the testimony claiming that there was no adjournment of court to date of order of issuance. 87 Ark. 123. There is no dispute as to the existence of the contract and the justice of the claim, and the warrants should have been reissued and not canceled. 118 Ark. 524. The attack made upon the order of allowance of the warrants is collateral and cannot operate to invalidate them.

HART, J., (after stating the facts). This court has held that, in a proceeding under the statute to call in the outstanding warrants of a county to redeem, cancel, reissue or classify them, only those warrants may be rejected which could not have been valid claims against the county under any state of the proof, or where the

judgment of allowance was obtained by fraud. *Monroe County* v. *Brown,* 118 Ark. 524, and *Izard County* v. *Vincennes Bridge Company,* 122 Ark. 557. Those cases hold, further, that a review for mere errors of the court in canceling and refusing to reissue warrants is a collateral attack on the judgment of the county court, which is not authorized under the statute.. It appears from the record that the order of allowance of the warrants in question in favor of the Illinois Steel Bridge Company was made on the 30th day of December, 1920, which was a day of the adjourned term of the county court. The order of cancellation and the refusal to reissue said warrants was made at a subsequent term of the county court held in August, 1921.

Hence, under the rule announced in the decisions cited above, the county court could not review the former judgment of the county court for errors in the allowance of the warrants, but could only refuse to reissue the warrants if the judgment of allowance was obtained by fraud, or if, under any evidence which might have been adduced, the claim of the Illinois Steel Bridge Company could not have been a valid one. There is no evidence tending to show that the judgment of allowance was obtained by fraud, and no claim on that account is made.

The county court canceled the warrants in question, and refused to reissue them because they had been issued without authority in the first instance. The county court erred in this conclusion. The bridge across Roaring Slough was a county bridge, which it was the duty of the county court to construct in the first instance, and to replace after the old bridge had worn out. Crawford & Moses' Digest, § 827.

This court has held that, in an action against a county to recover for building a bridge, the presumption is that money to build the same has been appropriated. *Howard County* v. *Lambright,* 72 Ark. 330, and *Watkins* v. *Stough,* 103 Ark. 468. Hence the county court

could have made a valid contract in the first instance for the construction of the bridge across Roaring Slough.

This court has held that a county may, like an individual, ratify an authorized contract made in its behalf if it is one the county could have made in the first instance. *Leathem & Company* v. *Jackson County*, 122 Ark. 114.

It follows that, if a county could ratify an unauthorized contract, it could ratify one which it had authorized. The bridge was let at public bidding, and the Illinois Steel Bridge Company, being the lowest bidder, received the contract. The bridge actually cost $8,398.97, and the cost of it was paid out of the funds of Road Improvement District No. 14 of Woodruff County. The road commissioners asked that the allowance be made in favor of the Illinois Steel Bridge Company, which had performed the work of constructing the bridge, and this was done by the county court, under an order duly entered of record. Hence, under the authority cited above, the most that can be said in the matter is that there was an irregularity in the allowance of the claim. It could not be said, in any event, that the county court was without authority to make the allowance under any evidence that might have been adduced in the matter. If it should be said that the claim should have been issued in favor of the road improvement district instead of the Illinois Steel Bridge Company because the latter company had already been paid for constructing the bridge by the road improvement district, this would not render the allowance void and beyond the jurisdiction of the court, but would only be an error. The order of the allowance was obtained in favor of the Illinois Steel Bridge Company by the board of commissioners of the road improvement district. It was for steel used in a bridge for the county, and it could in no sense be said to be a void order of allowance.

Therefore we are of the opinion that the county court erred in refusing to reissue the warrants.

It cannot be said that the warrants were not pre-
sented for reissuance. They were in the hands of the
county clerk, and the county court directed him not to
deliver them to the board of commissioners of Road Im-
provement District No. 14. On the face of each warrant
is the following, written in pen and ink: "Filed 7-30-21,
by payee. Roy Mitchell, clerk. Wrongfully issued with-
out authority." It would have been a vain and idle
thing for the board of commissioners of the road im-
provement district to have formally demanded the reis-
suance of the warrants when the county court had di-
rected the county clerk not to deliver the warrants to said
board.

Again, it is insisted that the appeal should have been
dismissed because it was taken by the chairman of the
board of commissioners of the road improvement dis-
trict, and not by an agent of the Illinois Steel Bridge
Company. The record shows that the Illinois Steel
Bridge Company had been paid by the road improve-
ment district for the construction of the bridge, and that
the bridge company had, in writing, assigned its claim in
the warrants to the road improvement district. Sec.
475 of Crawford & Moses' Digest provides that all
bonds, bills, notes, agreements and contracts in writ-
ing for the payment of money or property shall be as-
signable. Under this statute the bridge company had a
right to assign its interest in the warrants to the road
improvement district. The latter then became the own-
er of the warrants and the real party in interest in this
proceeding. It therefore had the right to prosecute an
appeal from the order of the county court canceling said
warrants and refusing to reissue the same. Sec. 1091
of Crawford & Moses' Digest provides that, where the
right of the plaintiff is transferred or assigned during
the pendency of the action, it may be continued in his
name, or the court may allow the person to whom the
transfer or assignment is made to be substituted in the
action.

Finally, it is insisted that the court erred in not allowing oral evidence tending to show that the order of allowance on December 30, 1920, was made in vacation.

The record of the county court shows that the order of allowance was made on an adjourned day of the term of the county court, and this brings up the question as to whether or not the court erred in refusing to allow that record to be contradicted by parol evidence. This court has held that parol evidence may be introduced in a direct attack on a judgment or decree to show that it was rendered in vacation. The reason given was that, if the fact of the rendition of the decree in vacation could not be shown by parol evidence, we would have the anomalous condition of a decree being a nullity and of the parties affected by it being denied the right to establish that fact. *Jackson* v. *Becktold Printing & Book Mfg. Co.,* 86 Ark. 591.

The rule is quite different, however, on collateral attack. The county court is a court of record, and upon collateral attack its judgments entered of record import absolute verity. If they are erroneous, the errors must be corrected in an application for that purpose to the court of which they are records. They cannot be impeached collaterally. Any other doctrine would make the records too uncertain and unreliable. *Ferguson* v. *Kumbler,* 25 Minn. 183. Such sanctity and protection must be afforded by the judgments and decrees of courts of record as are necessary to the protection of property and the preservation of the rights of the parties obtained under such judgment or decrees. Were the rule otherwise it would be in vain that the law prescribed an act of limitation or a mode of reversing the proceedings of tribunals in the appropriate forum, if the parties should be permitted to controvert their validity whenever collaterally drawn in question in any court. This would be enabling a court to do that indirectly which it could not do directly, and exercise appellate jurisdiction when none is

conferred upon it. *Evans & Black* v. *Percifull,* 5 Ark. 424, and *Clay* v. *Bilby,* 72 Ark. 101.

Under the authorities cited above, the present proceeding is one to review the judgment of the county court in making the allowance for error, and it is therefore a collateral attack upon the judgment.

From the views we have expressed it follows that the judgment of the circuit court is correct, and should be affirmed. It is so ordered.