BUREL *v.* GRAND LODGE I. O. O. F.

Opinion delivered March 10, 1924.

COURTS—STARE DECISIS.—Where a decision has become a rule of property, it will not be disturbed, even if the court were otherwise disposed to do so.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; affirmed.

*W. E. Beloate,* for appellant.

*W. K. Ruddell,* for appellee.

McCULLOCH, C. J. This suit involves certain lots in the town of Walnut Ridge, formerly owned by A. W. Shirey, who devised the same, with other property, to appellee, in trust for the purposes named in the will. Four hundred acres of land in Lawrence County, described generally as the Robins Farm, were devised by Shirey to appellee as a site for an orphans' home to be erected thereon, and the remainder of the property of said testator was devised to appellee for the purpose of establishing and maintaining at Hot Springs a sana-

torium, where the sick were to be treated without the use of drugs, medicine, or surgery. The trustees, acting by authority of appellee, under a resolution passed by the Grand Lodge, entered into a contract with appellant, Mrs. Burel, for the sale of these lots in Walnut Ridge, for the purpose of raising funds to apply to the maintenance of an orphans' home established and maintained by appellee at Batesville. Mrs. Burel refused to comply with her contract on the ground that the trustees had no authority to sell the property for that purpose, and appellee, Grand Lodge I. O. O. F., together with the trustees, instituted this action to compel appellant to specifically perform her contract of purchase.

All of the facts with reference to the devise of the property under the will of Shirey, and the purposes for which the sale was to be made, are set forth in the complaint.

The court overruled a demurrer to the complaint, and defendant declined to plead further, and suffered a final decree in favor of appellees in accordance with the prayer of the complaint.

The question presented by the pleadings is whether or not the attempted sale of the property, which was devised to appellees for the purpose of using the same in establishing and maintaining a sanatorium at Hot Springs, constitutes a violation of the trust. This question was expressly decided by this court against the contention of the present appellant in the case of *McCarroll v. Grand Lodge I. O. O. F.,* 154 Ark. 376. In that case McCarroll had contracted to purchase from the trustees of the Grand Lodge I. O. O. F. the Robins Farm, which was devised as a site for an orphans' home, as well as portions of the land devised for the purpose of establishing a sanatorium in Hot Springs. This court decided that (quoting from syllabus), "where a testator disinherited his heirs, and devised certain lands as a site for an orphans' home, to be under the direction of a certain benevolent order, and the rest of his property to establish and maintain a sanatorium, to be under the control of

the same lodge, after a compromise of a contest of the
will, by which the lodge obtained land and property insuf-
ficient to carry out the purposes of the devise, in view
of the fact that the land was bringing in a small income
and depreciating in value, a decree of specific per-
formance of a contract of sale of the land and that the
proceeds be applied to the upkeep of a home for widows
and orphans maintained by the same order for charitable
purposes, was proper.''

It is seen that the decision in the McCarroll case
involved precisely the same question presented in the
case now before us. It is unnecessary to discuss the
question at further length, for it was finally disposed of
in the other case. The decision has become a rule of
property, and should not be disturbed, even if the court
was otherwise disposed to do so.

Affirmed.