LUCAS *v.* REYNOLDS.

Opinion delivered June 8, 1925.

1.  CONSTITUTIONAL LAW—AMENDMENT 11 SELF-EXECUTING.—Amendment 11 to the Constitution, authorizing counties and cities to issue bonds, is self-executing.

2.  COUNTIES—MATURITY OF BONDS—VALIDITY OF CONTRACT.—The act of 1925 "to facilitate the funding of debts of counties," etc., providing that county bonds should not mature before September 1, 1926, was not violated by a contract providing for interest payments prior thereto; the provision relating only to payments on the principal.

3.  COUNTIES—ISSUE OF BONDS IN EXCESS OF INDEBTEDNESS.—A contract for the sale of county bonds is not in excess of the county's indebtedness where bonds were issued in contemplation of converting them into bonds bearing a lower interest rate if, when so reduced, the amount of bonds will be equivalent to the indebtedness to be discharged.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Colvin & Sellers,* for appellant.

*Edward Gordon,* for appellee.

McCULLOCH, C. J. The county court of Conway county made an order ascertaining the amount of the county's indebtedness at the time of the adoption of Amendment No. 11 to the Constitution, and entered into a contract with R. C. Helbron for the sale of bonds sufficient to pay off the indebtedness. The amount of indebtedness was ascertained by the court to be $80,380.84.

Appellant is a citizen and taxpayer of the county, and instituted this action in the chancery court to restrain the county judge from carrying out the project.

The General Assembly enacted a statute (unprinted as yet) entitled, "An Act to Facilitate the Funding of the Debts of Counties, Cities and Incorporated Towns." The contention of appellant is, in the first place, that the county had no right to proceed under Amendment No. 11 until the enabling act was passed, and that the act was not in force for the reason that an emergency is not stated in the act so as to put it into immediate force. This point was decided against the contention of appellant in the recent case of *Cumnock* v. *Little Rock, ante* p. 777 where we decided that the portion of amendment No. 11 authorizing the issuance of bonds is self-executing. We found it unnecessary in that case to decide any other question, and the question as to when the act went into effect is still undecided so far as this court is concerned.

It is further contended that, if the enabling act is in effect and controls this proceeding in Conway County, the terms of the statute have been violated, and that the county judge ought to be restrained for that reason.

Section 2 of the enabling act provides that the bonds to be issued under the amendment shall be "negotiable coupon bonds payable serially through a period of not exceeding forty years, and bearing a rate of interest not exceeding six per cent. per annum," and that "none of such bonds shall mature before September

1, 1926.'' The schedule agreed upon in the contract between the county and the bond purchaser provides for the first interest payment on October 1, 1925, and the first installment of principal is payable on October 1, 1926. It is thus seen that the terms of the statute, which applies only to the payment of principal not earlier than 1926, are not violated by the provision for the payment of interest. There is nothing in the Constitution or statute which forbids interest payments to be made semi-annually, and this was doubtless in contemplation of the framers of the enabling act when they provided that none of the bonds should mature before September 1, 1926. Acts 1925, No. 210.

It is next contended that the contract is for an amount of bonds in excess of the indebtedness as ascertained by the order of the county court, and that the terms of the enabling act were violated in this respect. It will be remembered that the Constitution merely provides that the bonds shall bear interest not exceeding six per cent. per annum, and § 3 of the enabling act contains a similar provision, and also provides that ''bonds may be sold at six per cent. with the privilege of conversion into bonds bearing lower rate on such terms that the county, city or town shall receive thereon and pay therefor substantially the same amount of money as on six per cent. bonds at par; and the proceeds thereof shall be used only in payment of indebtedness of such county, city or town existing at the time of the adoption of said Eleventh Amendment to the Constitution.'' The contract for the sale of bonds was made in contemplation of converting the bonds into those of a lower rate of interest, and the county will not, in fact, become liable on bonds in excess of the actual outstanding indebtedness existing at the time of the adoption of the amendment to the Constitution. In other words, when the amount of premium contracted for on six per cent. bond is reduced to the corresponding value of bonds bearing a lower rate of inter-

est, the amount of bonds will be equivalent to the amount of indebtedness to be discharged. There is, therefore, no conflict between the contract and the terms of the statute. So, in any event, it is unnecessary to determine whether the statute went into immediate effect, for, as before stated, there is no violation either of the Constitution or of the statute.

Decree affirmed.