MATHENY *v.* INDEPENDENCE COUNTY.

Opinion delivered November 23, 1925.

1.  CONSTITUTIONAL LAW—AMENDMENT AUTHORIZING COUNTY BONDS.—Constitutional amendment No. 11, authorizing county courts to issue bonds to secure indebtedness outstanding at the time of its adoption, is self-executing, and the county court need not await the passage of an enabling act to order a sale of the bonds.

2.  CONSTITUTIONAL LAW—ADOPTION OF AMENDMENT.—Under Constitution, Amdt. 11, § 2, providing that such amendment shall take

effect and be in operation 60 days after its approval and adoption by the people of the State, the amendment does not depend upon the declaration of the speaker of the House of Representatives, as it is the vote of the people which gives force and effect to the amendment.

3. CONSTITUTIONAL LAW—CONSTRUCTION OF AMENDMENT.—In construing an amendment to the Constitution, the court must keep in view the Constitution as it stood at the time the amendment was made, the evil to be remedied by the amendment, and the proposed amendment by which the evil is to be remedied.

4. CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTION.—In construing the Constitution, words should be given their plain and common sense meaning, unless the context furnishes some ground to control, qualify or enlarge them.

5. CONSTITUTIONAL LAW—TIME OF ADOPTION OF AMENDMENT.—The phrase "time of the adoption of the amendment" used in amendment 11, declaring that counties, cities and incorporated towns may issue bonds to secure indebtedness outstanding at the time of adoption of the amendment, means 60 days after its approval at election time when the amendment by its terms became a part of the Constitution.

6. CONSTITUTIONAL LAW—ADOPTION AND APPROVAL OF AMENDMENT.—The term "approval and adoption," as used in amendment No. 11 to the Constitution, § 2, providing that such amendment shall take effect 60 days after its approval and adoption, means 60 days after the election.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

STATEMENT BY THE COURT.

On the 16th day of October, 1925, the county court of Independence County entered into a contract with J. W. Williamson to sell him bonds of Independence County at par with interest at five and a half per cent. per annum to the amount of $47,765.46, which was the amount of indebtedness incurred by said county from the 7th day of October, 1924, to February 16, 1925. Of this amount, $20,530.24 was the amount of indebtedness incurred by the county between October 7, 1924, and December 7, 1924.

I. J. Matheny, a citizen and taxpayer of Independence County, protested against the action of the county

court and was allowed to file an intervention in the case, and appeal from the action of the county court in making the contract as above stated.

The circuit court found that the contract made by the county with J. W. Williamson was valid, and judgment was rendered accordingly. The case is here on appeal.

*I. J. Matheny,* for appellant.

*S. M. Casey,* for appellee.

HART, J., (after stating the facts). The correctness of the decision of the circuit court depends upon the construction to be given to amendment No. 11, which has been declared adopted under the decision of this court in *Brickhouse* v. *Hill,* 167 Ark. 513. This court has held that Amendment No. 11 to the Constitution, authorizing county courts to issue bonds under certain conditions, is self executing, and that a county judge need not await the passage of an enabling act to order a sale of bonds. *Cumnock* v. *Little Rock,* 168 Ark. 777, and *Lucas* v. *Reynolds,* 168 Ark. 1084.

Amendment No. 11 was proposed by the Legislature of 1923, and its provisions may be found in the General Acts of 1923, p. 797, and Acts of 1925, p. 1086. Section 1 contains a proviso as follows:

"Provided, however, to secure funds to pay indebtedness outstanding at the time of the adoption of this amendment, counties, cities and incorporated towns may issue interest-bearing certificates of indebtedness or bonds with interest coupons for the payment of which a county or city tax, in addition to that now authorized, not exceeding three mills, may be levied for the time as provided by law until such indebtedness is paid."

The action of the county court in making the contract, and the judgment of the circuit court affirming it, evidently proceeded upon the theory that the amendment was not adopted until the 16th day of February, 1925, the date on which the speaker of the House of Representatives declared it to be adopted in accordance with

the provisions of § 1482 of Crawford & Moses' Digest. The amendment in question was proposed by the General Assembly of 1923, and was voted on at the general election held on October 7, 1924. This was the date of the general election for senators and representatives and the time fixed by the Constitution for the submission of the amendment to the electors of the State for approval or rejection.

The Constitution provides that, if a majority of the electors voting at such election adopts such amendment, the same shall become a part of the Constitution. Constitution of 1874, art. 19, § 22.

Section 2 of the amendment provides that it shall take effect and be in operation sixty days after its approval and adoption by the people of the State of Arkansas.

It will be noted that the Constitution itself provides that, if a majority of the electors voting at the election at which the amendment is submitted adopt it, the amendment shall become a part of the Constitution. Hence its adoption does not depend upon the declaration of the Speaker of the House of Representatives or the publication by the Governor of his proclamation to that effect as provided in § 1482 of the Digest. If the Speaker and the Governor were to neglect or refuse to discharge their duties under the statute, the amendment would nevertheless be a part of the Constitution of the State, because it is the will of the people expressed in the mode prescribed in the Constitution. Our construction of the Constitution quoted above is that it is the ascertained majority of the vote of the people, and not the declaration of the Speaker and the proclamation of the Governor, which gives force and effect to the amendment. See *Wilson* v. *State,* 15 Tex. Ct. of App. Repts. 150.

It follows that the amendment was adopted by the people on the 7th day of October, 1924, but did not take effect until sixty days thereafter, which was on the 7th day of December, 1924. Such, as we have already seen,

is the provision of the proposed amendment. It expressly provides that it shall take effect and be in operation sixty days after its approval and adoption by the people of the State of Arkansas.

This view is in accord with our previous decisions bearing on the question. In *State* v. *Johnson*, 17 Ark. 407, the court held that a commission is simply the evidence of the right to hold an office, but invests the incumbent with no right to the office. In discussing the question the court said that the office of the proclamation of the Governor was to inform the parties concerned of the result of the election, and that the certificate and abstract required to be made by the officers holding the election, and to be sent to the Governor, were to furnish him with evidence whereon he might proceed to issue a commission to the person so appearing to him to have been elected. To the same effect, see *State* v. *Askew*, 48 Ark. 82, and *Wheat* v. *Smith*, 50 Ark. 266; see also, *Grant* v. *Hardage*, 106 Ark. 506, where it was held that whether an amendment has been adopted according to the requirements of the existing Constitution is a judicial question.

We are of the opinion that § 1482 belongs to the same class of legislation, and is but a means of informing the people of the passage of the amendment. Neither the certificate directed to be signed by the speaker of the House and the president of the Senate, to be filed in the office of the Secretary of State, nor the proclamation issued by the Governor, affects in any manner the adoption of the amendment. These acts are merely directory in order to give the necessary information to the people that an amendment has been adopted. The necessity of acting in the premises arises from the inconvenience which might result to the public by their non-compliance with the statute. But it is the will of the people as expressed under the direction of the Constitution which makes the amendment a part of the Constitution.

Under the proviso above quoted, to secure funds to pay the indebtedness outstanding at the time of the adoption of the amendment, counties, cities, and towns may issue bonds. This makes it necessary for us to construe what was meant by the words, "at the time of the adoption of the amendment."

In determining the intention of the framers of the amendment, we must keep in view the Constitution as it stood at the time the amendment was made, the evil to be remedied by the amendment, and the amendment proposed, by which the evil is to be remedied. *State* v. *Scott,* 9 Ark. 270, and *Ferrell* v. *Keel,* 105 Ark. 380.

In the case first cited the court quoted with approval the language of Judge Story to the effect that every word in the Constitution is to be expounded in its plain and common sense meaning, unless the context furnishes some ground to control, qualify, or enlarge it, and that constitutions are instruments of a practical nature, founded on the common business of human life, adapted to common wants, and designed for common use.

The second Initiative and Referendum Amendment known as Amendment No. 13, became a part of our Constitution under the decision of *Brickhouse* v. *Hill, supra.* It provides that any measure submitted to the people as therein provided shall take effect and become a law when approved by a majority of the votes cast upon such measure.

It provides further that such measures shall be operative on and after thirty days after the election at which it is approved unless otherwise specified in the act.

Amendment No. 11 under consideration provides that it shall take effect and be in operation sixty days after its approval and adoption by the people of the State of Arkansas. These words, when interpreted with reference to the language of amendment No. 13 above referred to, evidently mean sixty days after the election on the question.

Now it is insisted that the words, "at the time of the adoption of this amendment," as used in the proviso, also mean the date of the election.

Under the cardinal rules of construction above referred to, we think these words refer to the completed adoption. The election is not deemed complete until the returns are canvassed by the judges and clerks of the election and certified by them to the county election commissioners. Then the election statutes give a further period of time for the county election commissioners to canvass the returns sent to them and to forward the same to the Secretary of State to be filed in his office and tabulated by him.

Now the words "approval and adoption" used in § 2 are used as the equivalent of election as used in amendment No. 13. The words "time of the adoption" as used in the proviso were used for a different purpose. They fixed the time up to which the existing indebtedness might be bonded, and, to carry out the object and purpose of the amendment in allowing existing indebtedness to be bonded, evidently refer to the time when the amendment should be fully and completely adopted as a part of the Constitution.

It is evident that the framers of it intended that thereafter counties, cities, and towns should confine their expenses for any fiscal year to the revenues received for that year. By the language of the amendment it operates prospectively, and we think the words, "at the time of the adoption," as used in the proviso, should be given a liberal construction, in order to effectuate the intention of the framers of it, and that they mean at the time the amendment went into operation and thereby became a part of the Constitution.

The result of our views is that the amendment became a part of the Constitution on the 7th day of December, 1924, and under its terms the county court was pro-

hibited from making a contract for bonding the indebtedness of the county incurred after that date.

Therefore, the judgment will be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.