## SHROLL *v.* NEWTON COUNTY.

### Opinion delivered May 2, 1927.

1. EVIDENCE—COLLATERAL ATTACK.—The judgment of the county court awarding a bridge contract is not open to collateral attack to show that it was rendered during vacation.

2. COUNTIES—CONCLUSIVENESS OF JUDGMENT RECITAL.—The convening order of the county court on the date when a bridge contract was awarded reciting that the court met pursuant to adjournment *held* conclusive on collateral attack to show that the order awarding the contract was not a vacation order.

3. COUNTIES—RATIFICATION OF CONTRACT.—An order ratifying a county bridge contract will be presumed, on collateral attack, to have been made by court pursuant to adjournment.

4. COUNTIES—COLLATERAL ATTACK ON JUDGMENT.—An attack on a judgment of the county court is collateral when the judgment might have been appealed from.

5. BRIDGES—EXECUTION OF CONTRACT BY COUNTY.—Omission to sign a county bridge contract did not render the contract voidable, since filing it, though unsigned, constituted an execution thereof.

6. BRIDGES—COLLATERAL ATTACK ON ORDER ALLOWING PAYMENT.— Where an order allowing payment on completion of a county bridge construction contract was collaterally attacked, irregularities in publishing and posting of the contract *held* not subject to question.

7. BRIDGES—AUTHORITY TO MAKE CONTRACT.—Where a quorum court made an appropriation for building bridges, the county court may make contracts for its expenditure so long as the fund remains unexpended wholly or in part.

8. APPEAL AND ERROR—PRESUMPTION AS TO COUNTY COURT.—The Supreme Court will not presume that the county court exceeded its authority in the construction of two bridges and allowing payment after completion according to the contract.

9. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENT.—Amendment No. 11 to the Constitution, prohibiting the expenditure of more than the income of the county for any fiscal year, *held* not to

affect a bridge contract awarded by a county court before the amendment became effective.

10. BRIDGES—LIABILITY OF COUNTY.—Though the quorum court appropriated only $20,000 for bridge construction, the county will be obligated to pay the entire price for a contract calling for greater expenditure, there being no evidence that the county court understood that the highway department or improvement district was obligated to contribute.

Appeal from Newton Circuit Court; *J. M. Shinn,* Judge; reversed.

*Ben E. McFerrin, M. A. Hathcoat, Jno. E. Miller* and *Cul L. Pearce,* for appellant.

*Woods & Greenhaw,* for appellee.

HUMPHREYS, J.   This is an appeal from the judgment of the circuit court of Newton County, rendered in a trial *de novo,* disallowing the claim filed by appellant against said county on January 28, 1926, for $29,907.55, alleged to be the balance due for constructing two bridges pursuant to a contract entered into by and between the county court and appellant on the 18th day of October, 1924.   One of the bridges was constructed across Buffalo River and the other across Beech Creek, in the western part of the county, where the highway in Road Improvement District No. 6 of said county, created under the Alexander Road Law in 1922, intersected said streams. The purported contract upon which the claim was based provided that the cost of the construction of the Buffalo River bridge was to be $22,000 and the Beech Creek bridge $16,500, with the further stipulation that the price of construction might be increased or decreased in the quantity of the material used in the bridges, as per specifications and plans furnished by the Highway Department of the State.

W. P. Spears, a citizen and taxpayer of the county, intervened for the purpose of appealing from the allowance of the claim by the county court and testing the validity thereof.

In 1922 the quorum court appropriated $20,000 to construct the two bridges in question.   On April 24, 1924, the county court appointed the commissioners to select a

location and prepare plans for the construction of the bridges. They made a report and filed plans and specifications in cooperation with the Highway Engineer, which were approved by the county court. On September 17, 1924, the county court published and posted notice for bids, and appellant filed a sealed proposal for the construction of the two bridges. On the 18th day of October, 1924, the bids were opened, and the contract was publicly let to the appellant, who was the lowest bidder. The following order appears in county court record L with reference thereto:

"Be it remembered that on this 18th day of October, 1924, at nine o'clock A. M., court met pursuant to adjournment, when present and presiding were the Honorable Frank Griner, county judge, E. C. Shinn, clerk, and Sam Hudson, sheriff of Newton County, when the following proceedings were had and done, to-wit:

"*In re* Letting contract for construction of Buffalo River bridge and Beech Creek bridge, Newton County, Arkansas.

"Now on this 18th day of October, 1924, the same being the day advertised and set out in notice for the letting of the contract or contracts for the construction of the above and foregoing bridges, and the court ascertaining and being advised that said notice had been posted and advertised as the law directs for the letting of bridge contracts, and after publicly announcing that court was ready to receive bids for the construction of said bridges, and after receiving all bids submitted, it appearing to the court J. E. Shroll of Ponca, Arkansas, was the best and lowest bidder, it is therefore considered, ordered and adjudged by the court that said bid for both the construction of the Buffalo River bridge and the Beech Creek bridge be and the same are hereby accepted in accordance with the proposal submitted, and the said J. E. Shroll is given ten days from this date to execute his formal contract for the construction of said bridges, and that he be and is required to file a personal bond or bond with some reputable surety company that he will well and faithfully

carry out the terms of said contract as set out in his proposal, said bond to be in the sum of the amount of the contract award.

"Ordered that court adjourn until the 21st day of October, 1924, at 9 A. M."

Within the time permitted a contract and bond were filed, but the contract was not signed, through an oversight. Appellant then proceeded to construct the bridges under the supervision of the commissioners and said highway engineer, in accordance with the plans and specifications, as changed or modified from time to time by them. After the bridges were partially completed, $20,000 in scrip was issued and paid to appellant under the following order made on December 31, 1924, appearing on page 374 of county court record L:

"*In re* Bridge across Buffalo River, near Boxley, and bridge across Beech Creek.

"On this day the report of the commissioners for Boxley and Beech Creek bridges was filed in open court and by the court examined and approved. Whereupon the court, after heretofore entering into contract with J. E. Shroll to build and construct said above mentioned bridges, and after having examined said report of commissioners as to work already done and materials on hand and contracted for, doth this day allow to the said J. E. Shroll, contractor, the sum of $20,000, and the clerk is ordered to issue his warrant on the county treasurer for amount herein specified."

The record of the court showed adjourning orders from October 21 to October 22, then to October 23, then to November 10, then to November 13, but did not show an adjourning order to December 31, 1924, the date the order for $20,000 in scrip was made. Neither did it show an adjournment until court in course on December 13, 1924.

Appellant completed the bridges within the time allowed in the contract, and they were accepted by the commissioners, who made their final report to the county court on October 21, 1925, which contained the following recommendations:

"Therefore we, as such commissioners, recommend that the increase and decrease in quantities be credited and charged to the respective parties to the contract for the construction of said bridges, and that the same be paid and settled for as per contract; that the contractor be released, as all work has been done, and we find faithfully, efficiently, and completed and performed as provided by the terms of the contract for the construction of said bridges."

The county court adjusted the various increases and decreases in the kind and quantity of materials used in the bridges, and on that basis allowed appellant $29,907.55 in addition to the allowance of $20,000 in scrip on December 31, 1924. This is the order of allowance from which appellees took an appeal to the circuit court. There is a conflict in the oral testimony as to whether the 18th day of October, 1924, and the 31st day of December, 1924, were adjourned days of a regular term of court.

The main question involved in this appeal is whether the order or judgment of date October 18, 1924, awarding the contract for the construction of the bridges to appellant, was a vacation order, or whether it was an award of the contract by the county court during term time, and, if not, whether the order of December 31, 1924, constituted a ratification of the contract by the county court.

The appeal by appellees herein from the order of the county court making the allowance was a collateral attack upon the orders or judgments of the county court of dates October 18 and December 31, 1924. The validity of those orders or judgments cannot be assailed by oral testimony on collateral attack. This court said, in the case of *Woodruff County* v. *Road Improvement District No. 14,* 159 Ark. 374, 252 S. W. 930, (quoting syllabus 5): "While parol evidence may be introduced in a direct attack on a judgment of a court to show it was rendered in vacation, the rule is otherwise upon a collateral attack." The convening order of date October 18, 1924, being the date the contract was awarded

to appellant, recites that court met pursuant to adjournment, and such recital is conclusive on collateral attack. The order of December 31, 1924, ratifying the contract, must be presumed, on collateral attack, to have been entered when the court was convened pursuant to adjournment. Either one of the judgments might have been appealed from, which is a certain test that this proceeding is a collateral attack upon them. According to the undisputed evidence, a formal contract and bond were filed conforming in every particular to the order or judgment of date October 18, 1924, awarding the contract to appellant. The omission to sign the contract was an oversight, and the failure to do so did not render it void or voidable. All of its terms complied with the proposal of appellant and the acceptance of the county court, and the filing, though unsigned, constituted an execution thereof. It is suggested that the letting of the contract was not published and posted as required by law, but these irregularities cannot be questioned on collateral attack.

Appellees attempted to sustain the judgment disallowing the claim upon the ground that only $20,000 was appropriated by the quorum court to construct the bridges, and that the county court was without authority to make a contract for a larger sum than the amount appropriated. Leaving out of the equation the effect of Amendment No. 11 to the Constitution prohibiting the expenditure of more than the income of the county for any fiscal year, the authority of the county court for letting the contract for the building of the bridges cannot be questioned. This court said, in the case of *Watkins* v. *Stough*, 103 Ark. 468, 147 S. W. 443, that "when the levying court makes an appropriation for the purpose of building bridges, the statute authorized the county court to make contracts for its expenditure and to continue to make such contracts as long as the fund remains unexpended, wholly or in part." None of the fund appropriated for these bridges had been expended when the county court let the contract. There may have been other unexpended

bridge funds on hand, for aught the record discloses, which would have authorized the letting of the contract. This court cannot presume that the county court exceeded its authority. *Howard County* v. *Lambright,* 72 Ark. 330, 80 S. W. 148. The contract in the instant case was not affected by Amendment No. 11 to the Constitution, because that amendment did not go into effect until December 7, 1924. *Matheny* v. *Independence County,* 169 Ark. 925, 277 S. W. 22. The contract in the instant case was awarded on October 18, 1924, and the contract and bond were filed on October 28, 1924.

Appellees attempt to sustain the judgment upon the theory that the county court entered into the contract with the understanding that the cost of the bridges in excess of $20,000 should be paid either by the Highway Department or by Improvement District No. 6. Neither the Highway Department nor Road Improvement No. 6 obligated itself in a legal way to pay any part of the contract price. They were not parties to the contract, and appellant had no notice of any private understanding or agreement between the county court and Ben McFerrin relative to what proportion of the contract price should be paid by Road Improvement District No. 6. Neither the notice of the letting, the proposal and acceptance of the contract, nor the contract itself, contained any provision to the effect that the county should pay only $20,000 of the contract price. On the contrary, the county court obligated the county to pay the entire contract price for the construction of the bridges.

On account of the error indicated the judgment is reversed, and the cause is remanded with directions to the circuit court to enter a judgment directing the county court to enter an order allowing appellant the balance due him of $29,907.55.