FISHER *v.* COWAN.

4-7038 170 S. W. 2d 603

Opinion delivered April 19, 1943.

*James G. Coston* and *A. F. Barham,* for appellant.

*Bruce Ivy* and *Myron T. Nailling,* for appellee.

ROBINS, J. By his complaint filed in the lower court, appellant challenged the validity of the sale to appellee of certain lands owned by his deceased father, made on February 6, 1926, by appellant's mother as administratrix of his father's estate, alleging that this sale was void for the following reasons: "(1) The court did not appoint three disinterested householders of the county to appraise said land. (2) That if said land was appraised at all, with or without the appraisers being appointed by the court, they were not disinterested householders of the county in which said court was held, or in which the lands appraised lie, and did not take an oath in writing that they would well and truly appraise the lands. (3) The petition for the sale of said land was not verified by the affidavit of the administratrix. (4) The said petition was not accompanied by the appraisement and list of sales of the personal property of such estate. (5) The administratrix did not annex to her report or return her affidavit that she was not the purchaser of such lands, or any part thereof, and that they were not purchased for her use and that she was not in any way interested in the purchase thereof. (6) The order of said court or judge, does not show or recite that Hattie Fisher was duly and legally appointed and qualified, nor does the said judgment recite that the sale was conducted according to law, nor that the facts set forth in the petition entitled the said administratrix to make the said sale. (7) Said orders were all made by the judge in vacation, and not by the court."

To reverse the decree of the chancery court sustaining appellee's demurrer to the complaint this appeal is prosecuted.

It has been frequently held by this court that in equity the exhibits to the complaint control the allegations thereof. *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W.

671; *Finch* v. *Watson Investment Company*, 184 Ark. 312, 42 S. W. 2d 214, and *Hendrickson* v. *Farmers'. Bank & Trust Company*, 189 Ark. 423, 73 S. W. 2d 725. So, in testing the sufficiency of a complaint in equity on demurrer, the exhibits to the complaint, as well as its allegations, must be considered, and, if the exhibits negative the existence of a cause of action, the demurrer must be sustained, even though the complaint, when considered apart from its exhibits, sufficiently states a cause of action. The petition for order of sale, copy of which is exhibit "D" to appellant's complaint, shows that it was duly verified by the administratrix. The order for sale made by the court, copy of which is exhibit "C" to the complaint, contains the recital that the matter was heard "upon appraisement, bill of sale of personal property, report of administratrix of the estate of H. E. Fisher, deceased, and petition duly verified by Hattie C. Fisher, administratrix." The order confirming the sale, copy of which is exhibit "G" to the complaint, recites: "That said administratrix was not and is not interested in the purchase of said real estate nor in any way a party thereto, other than in her official capacity; . . ." and "that before said sale said real estate had been duly appraised by three disinterested, capable persons at a valuation of $15,000. . . ."

By § 177 of Pope's Digest it is provided: "In all administrator's sales heretofore or hereafter made, the finding and recital in the judgment or decree of the probate court authorizing and ordering any such sale, that the administrator was duly and legally appointed and qualified; that the sale was conducted according to law; and that the facts set forth in the petition entitled the said administrator to make the said sale, shall be conclusive and binding on all parties having or claiming an interest in the said sale, save upon direct appeal to the circuit court made in such cases as are now provided by law; and such finding and judgment or decree of the probate court shall not be open to collateral attack save for fraud or duress." It appears from the copies of the orders of the probate court attached to appellant's complaint that the probate court found that requirements of the statute as to

verification of the petition for sale, as to filing of appraisement and sale bill of personal property, as to appraisement of the lands, and as to the affidavit of the administratrix that she was not interested in the sale were all substantially complied with, and, in the absence of an attack on these orders for fraud or duress, the findings set out in these orders are, under the mandate of the Legislature, final and conclusive.

It is contended by appellant that the order for the sale and the order of confirmation thereof are both void because they were made by the judge in vacation and not by the court. While it is alleged in the complaint that these orders were made in vacation, and not in term time, the copies of orders complained of, attached as exhibits to the complaint, indicate that these orders were made by the court. There is a notation on each of them showing the date on which they were made, the term of court at which they were made, and the book and page of the court record on which they appear to have been recorded. The copies of these orders, with these notations, are a part of appellant's complaint, and, as pointed out above, the recitals contained in these orders must control, where there is any conflict between their contents and the general averments of the complaint.

Inasmuch as these orders are *prima facie* valid and appear to be duly entered in the judgment record of the court as orders made by the court in term time, the correctness of their recitals cannot be questioned by collateral attack in a proceeding in another court. Justice HART, speaking for this court, in the case of *Woodruff County* v. *Road Improvement District No. 14,* 159 Ark. 374, 252 S. W. 930, said: "Finally, it is insisted that the court erred in not allowing oral evidence tending to show that the order of allowance on December 30, 1920, was made in vacation. The record of the county court shows that the order of allowance was made on an adjourned day of the term of the county court, and this brings up the question as to whether or not the court erred in refusing to allow that record to be contradicted by parol evidence. This court has held that parol evidence may be introduced in a direct attack on a judgment or decree to

show that it was rendered in vacation. The reason given was that, if the fact of the rendition of the decree in vacation could not be shown by parol evidence, we would have the anomalous condition of a decree being a nullity and of the parties affected by it being denied the right to establish that fact. *Jackson* v. *Bechtold Printing & Book Mfg. Co.,* 86 Ark. 591, 112 S. W. 161, 20 L. R. A., N. S. 454. The rule is quite different, however, on collateral attack. The county court is a court of record, and upon collateral attack its judgments entered of record import absolute verity. If they are erroneous, the errors must be corrected in an application for that purpose to the court of which they are records. They cannot be impeached collaterally. Any other doctrine would make the records too uncertain and unreliable. *Ferguson* v. *Kumbler,* 25 Minn. 183. Such sanctity and protection must be afforded by the judgments and decrees of courts of record as are necessary to the protection of property and the preservation of the rights of the parties obtained under such judgment or decrees. Were the rule otherwise it would be in vain that the law prescribed an act of limitation or a mode of reversing the proceedings of tribunals in the appropriate forum, if the parties should be permitted to controvert their validity whenever collaterally drawn in question in any court.'' In the case of *Shroll* v. *Newton County,* 173 Ark. 1121, 295 S. W. 1, it was held (headnotes 1 and 2) : ''The judgment of the county court awarding a bridge contract is not open to collateral attack to show that it was rendered during vacation. The convening order of the county court on the date when a bridge contract was awarded reciting that the court met pursuant to adjournment held conclusive on collateral attack to show that the order awarding the contract was not a vacation order.'' The probate court is a court of superior jurisdiction, and, under the well settled rule in this state, the verity of its record may not be impeached in a collateral attack in another court. ''It is well settled in this state that the probate court is a court of superior jurisdiction, and, within its jurisdictional rights, its judgments import absolute verity, the same as other superior courts. The rule in such cases is that, where the record

is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction." *Graham* v. *Graham*, 175 Ark. 530, 1 S. W. 2d 16.

It is next urged by appellant that the sale complained of was invalid because it was a private sale and was not held in compliance with the statutory requirement for notice. In support of this contention appellant cites the case of *Gibbs* v. *Singfield*, 115 Ark. 385, 171 S. W. 144. In that case the only question decided was, as stated by the court, "whether a private sale made by an administrator without a previous order of the court should be confirmed," and the court expressly declined to decide "whether such a sale would, after confirmation, be treated as void." After that decision was rendered in 1914 the General Assembly of Arkansas, in 1919, enacted act No. 263, which now appears as § 177 of Pope's Digest hereinbefore quoted, the purpose of which seems to have been to make an order of the probate court confirming a sale made by an administrator impervious to collateral attack of any kind, "save for fraud or duress." This act first came before the court for construction in the case of *Day* v. *Johnston*, 158 Ark. 478, 250 S. W. 532, which was decided April 30, 1923. In that case the court, speaking of this act; said: "In other words, the General Assembly of 1891 changed a rule of property as announced by this court, and a subsequent session of the General Assembly has re-enacted the rule of property, at least in the particulars stated therein. We gave effect to one act, and we perceive no reason why we should withhold giving effect to the other; and, when we have given it effect, we must hold that the judgments of probate courts become impervious to collateral attack if they contain the jurisdictional recitals which the General Assembly has determined are essential to constitute a valid sale against collateral attack. In short, the decision of *Apel* v. *Kelsey*, 52 Ark. 341, 12 S. W. 703, 20 Am. St. Rep. 183, is re-enacted as to those probate court judgments which contain the recitals that the court authorized and ordered the sale, that the guardian or administrator was duly and legally appointed and qualified; that the sale

was conducted according to law, and that the facts set forth in the petition entitled the guardian or administrator to make the sale; and, this being true, private sales made under the orders of the court are not void when confirmed, and are subject to attack only on the direct appeal to the circuit court allowed by law, save for fraud or duress, as provided in this act of 1919.'' The effect of this act was again considered in the case of *Collins* v. *Harris,* 167 Ark. 372, 267 S. W. 781, and the holding in the case of *Day* v. *Johnston, supra,* was re-stated and adhered to by the court. The doctrine of these decisions has become a rule of property in this state, and should not now be disturbed. *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742, 134 Am. St. Rep. 88; *Burel* v. *Grand Lodge I. O. O. F.,* 163 Ark. 131, 259 S. W. 369; *Hobbs* v. *Lenon,* 191 Ark. 509, 87 S. W. 2d 6.

It is finally argued by appellant that the sale was void because the order approving the sale recites that before the sale the real estate had been duly appraised by ''three disinterested capable persons'' instead of by ''three disinterested householders of the county in which the lands and tenements are situated,'' as required by § 158 of Pope's Digest. Under a fair interpretation of the language of the court's order it might well be said that the finding of the court that the appraisers were ''capable'' appraisers amounted to a finding that they were qualified under the requirements of the statute; but this court has held that the failure of an administrator to have any appraisement made would not render the sale void when it was attacked on that ground in a collateral proceeding. *Bell* v. *Green,* 38 Ark. 78.

The decree of the chancery court is correct, and it is affirmed.